IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

MY BUDDY DAVIS LLC.
A Florida Limited Liability Company

        CASE NO.:

    Plaintiff,

vs.

STARBOARD YACHT GROUP, LLC.
A Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

COMES NOW, the Plaintiff, MY BUDDY DAVIS LLC. ("MBD"), by and through its undersigned counsel, and file its Complaint against the Defendant, STARBOARD YACHT GROUP, LLC. ("SYG"), and in support thereof further states as follows:

### Parties, Jurisdiction, And Venue

1. This Court has jurisdiction pursuant to 28 USC § 1333 and 28 USC § 1367.

2. At all times material Plaintiff, MBD, is a Florida limited liability company organized under the laws of the State of Florida, with its principal place of business in Miami, Florida. At all relevant times, MBD was the Owner of a 74' Buddy Davis ("Vessel").

3. Defendant SYG is a Florida limited liability company organized under the laws of the State of Florida, with its principal place of business located in Dania Beach, FL. SYG represents that they are experts in the installation of Seakeeper Stabilizers, Humphree interceptors, and Optimus Steering systems (the "EQUIPMENT"). They represent on their website that "[a]s

1

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

masters of our craft, we don't just know all there is to know, we also know what we don't know—and…solve unsolvable problems, turn unthinkable into the achievable, and make impossible change possible."[1] They also represent that: "[a]s yacht stabilizer installations entail countless mechanical and aesthetic variables, SYG, looks beyond the instruction manual to lead the way. We employ creative problem-solving to uncover new possibilities and overcome the unforeseen challenges that arise during boat stabilizer upgrades."[2]

4.      Venue is proper in that the contracts, negligence, and acts by SYG occurred within the district and the Parties are located within the district.

### General Allegations

5.      In reliance on SYG's purported expertise, MBD commenced in March 2021 and on other occasions thereafter hired SYG to install the EQUIPMENT as recommended by SYG. As of the date of filing of this Complaint, none of these systems have been installed despite substantial payments made to SYG.

6.      The Seakeeper stabilizer work was to be performed in part pursuant to agreement #2009-6394, dated March 26, 2021, attached hereto as EXHIBIT "A," and other oral and written exchanges between the Parties, represented by SYG that the project's costs totaled $133,878.00. MBD has paid a total of $110,000.00 to date. However, the Seakeeper has not been installed.

7.      The Humphree Interceptor work was to be performed pursuant to agreement #2009-6534, dated May 15, 2021, attached hereto as EXHIBIT "B," and other oral and written exchanges between the Parties represented by SYG that the project's costs totaled $29,657.19. MBD has paid a total of $20,817.00 to date. However, the Humphree Interceptor has not been installed.

---

[1] *See* When does an expert call in another expert?, Starboard Yacht Group (2021), https://starboardyacht.com/when-does-an-expert-call-in-another-expert-3/ (last visited Mar 11, 2022).
[2] *See* Stabilization, Starboard Yacht Group (2021), https://starboardyacht.com/stabilization/ (last visited Mar 11, 2022).

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

8.      SYG recommended the Optimus steering system and its installation was to be performed pursuant to agreement #2009-13954, dated April 16, 2021, attached hereto as EXHIBIT "C," and other oral and written exchanges between the Parties represented by SYG that the project's costs totaled $18,564.39. MBD has paid a total of $18,564.39 to date. However, the Optimus steering system has not been installed.

9.      On several occasions, SYG represented to MBD in writing and orally that the sums to complete the work for which it was hired were accurate and the work would be completed for that price.

10.     SYG, the purported experts, recommended that MBD purchase a Seakeeper 18. In reliance upon SYG's represented expertise in these matters, MBD agreed. Many months later and after payment of roughly 80% of the costs of the entire project, SYG then advised MBD that the Seakeeper 18 could not be installed in its intended location because there was insufficient clearance as required by the manufacturers for warranty and other reasons. A fact that should have been made known to MBD from the outset, but it was not.

11.     SYG, the purported experts, also advised MBD well after the fact that the Seakeeper 18, which they recommended, was now too small for the vessel and they recommended a larger version. Again, a fact which, if true, should have been made known to MBD from the outset, but it was not.

12.     With respect to the Optimus steering system, which SYG recommended their plans for its installation were faulty and would render the system inoperable. This became clear only after the system was bought and paid for my MBD. As a result, MBD was required to hire other experts in the field to devise a way in which the steering recommended by SYG and relied upon MBD could be installed, all of which was done at a substantial cost to MBD.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

13. With respect to the Humphree Interceptors, despite an agreement having been reached in May of 2021 and a substantial payment provided by MBD thereafter, they still have not been installed.

14. On February 24, 2022, counsel for SYG sent a letter to then counsel for MBD attached to which for the first time was an invoice #2009-14633, dated December 31, 2021, for a total amount allegedly due, with reference to the Seakeeper project reflecting additional work purportedly done by SYG for a total project cost now of $191,810.00 less some discounts. An almost 50% increase from the originally agreed costs of the project and yet the Seakeeper still has not been installed in the vessel.

15. Upon learning of the faulty and incomplete work billed by SYG, MBD challenged SYG's charges that were not justified and refused to pay any additional amounts not previously agreed upon. Additionally, MBD further questioned the expertise of SYG in completing the project in a workmanlike and professional manner.

16. The Vessel is drydocked at Broward Shipyard. The Vessel has been drydocked at Broward Shipyard for over six months, and as a result, Plaintiff has incurred costs of $94,440.00 as a result of SYG's prolonged repairs, including additional repairs that were a result of SYG's negligence in damaging the Vessel.

17. The following issues with SYG's work and billing discrepancies were also observed by MBD:

    a. SYG's measurements and designs for the installation of the Seakeeper were incorrect;

    b. The Seakeeper sold to MBD did not fit in the location they originally agreed to install as represented by SYG;

c. During the installation of the Seakeeper, SYG cut the Vessel's bulkhead and stringers in an attempt to install the Seakeeper;

d. SYG's invoices vastly differ from the original charges agreed with MBD;

e. Invoices dated December 31, 2021, were sent to MBD were all marked as past due even though they were dated the same exact day as the due date;

f. SYG sold MBD an Optimus EPS 5000 steering system based upon SYG's recommendation. However, the Optimus EPS 5000 steering system could not be properly installed in the Vessel.

g. The Vessel's finish work by SYG was substandard and had to be corrected by additional labor paid for by MBD;

h. The back of the bulkhead was not laminated;

i. MBD was charged for worker's compensation insurance which it did not agree to pay;

j. The first item on Invoice 2009-14632 and 2009-14630 are the same;

k. The first item on pg. 2 of Invoice 2009-14630 is a recommendation but has an amount of $8,200; and

l. Invoice 2009-14633 balance due is for $70,931.40 and SYG on the invoice states that as of November 15th, it has completed 590 hours. However, after 590 hours of work, the Seakeeper still has not been installed.

18. Additionally, SYG caused damage to the Vessel. Specifically, SYG's negligently cut the bulkhead and stringer and MBD had to pay to have it repaired.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

## COUNT I: BREACH OF MARITIME CONTRACT

19.     MBD re-alleges and re-avers the allegations contained in paragraphs 1-18 above as if fully set forth herein.

20.     The cause of action alleged in this Count is brought pursuant to 28 U.S.C. § 1333 under general maritime law in connection with a claim for damage caused by a repairer to the vessel. Federal maritime law applies to this cause of action as "[i]t is well-established that a contract ... to repair a vessel is a federal maritime contract." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 Fed. Appx. 389, 391 (11th Cir. 2009); *Diesel "Repower", Inc. v. Islander Invs. Ltd.*, 271 F.3d 1318, 1322–23 (11th Cir. 2001) ("A contract to repair a vessel invokes admiralty jurisdiction.").

21.     SYG had an express contractual duty to perform its work in accordance with the agreement reached between the Parties.

22.     SYG breached its contractual duties to perform its work according to the agreement reached between the Parties where SYG billed MBD for work that was not authorized, MBD was billed for work that was not done, and SYG billed for work that was done improperly, which caused damage to the Vessel.

23.     MBD has tendered three payments totaling $149,381.39 to SYG for the work. However, the work agreed upon is still nowhere near completion.

24.     As a result of SYG's breaches, including but not limited to the cost of repair, replacing parts, loss of use, MBD has been damaged.

WHEREFORE, MBD demands damages against SYG, plus costs, interest, and any other relief the Court deems appropriate.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

### COUNT II: VIOLATION OF FLORIDA DECEPTIVE
### AND UNFAIR TRADE PRACTICES ACT

25.    MBD re-alleges and re-avers the allegations contained in paragraphs 1-18 above as if fully set forth herein.

26.    This is a claim made pursuant to Florida Statute §501.201, et.seq., the "Florida Deceptive and Unfair Trade Practices Act," or "FDUTPA."

27.    MBD is an "Interested Party or Person" and/or "Consumer" as defined by Florida Statute §501.203(6) and (7).

28.    SYG is engaged in "Trade or Commerce" as defined by Florida Statute §501.203(8).

29.    Florida Statute §501.204 provides in relevant part:

(1) Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

(2) It is the intent of the Legislature that, in construing subsection (1), due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to s. 5(a)(1) of the Federal Trade Commission Act, 15 U.S.C. s. 45(a)(1) as of July 1, 2006.

30.    SYG engaged in unconscionable acts or practices and committed unfair and deceptive acts and practices in the conduct of their trade in violation of Florida Statute § 501.204. The unconscionable, unfair and deceptive acts and practices include, but are not limited to the following:

a.    Inflating the amount of charges to MBD by performing work that was not requested or agreed to by MBD;

7

b. Billing for work to repair the damage SYG caused to the Vessel;

c. Falsely holding itself out to be an expert, thereby inducing MBD to enter into a maritime contract;

d. Delaying and/or not timely completing work so as to unreasonably increase the charges due from MBD;

e. Inducing MBD with bait and switch tactics to retain its services to perform work on the vessel by providing him with a cost estimate that it never intended to fulfill;

f. Engaging in the course of conduct that led to MBD being charged in excess of $80,000.00 more than it should have been charged; and

g. Sending invoices to MBD for the first time already marked past due.

31. MBD has been damaged as a result of SYG's unconscionable, unfair, and deceptive trade practices and acts described above.

32. MBD is entitled under Florida Statute §501.211(2) to its actual damages, plus attorney's fees and court costs as provided in s. 501.2105.

WHEREFORE, MBD respectfully requests that this Honorable Court enter judgment in its favor and against SYG for actual damages, costs, interest, attorney's fees and such other relief as this Court may deem just.

## COUNT III: NEGLIGENCE

33. MBD re-alleges and re-avers the allegations contained in paragraphs 1-18 above as if fully set forth herein.

34. SYG has a duty to exercise reasonable care in performing its work upon the Vessel.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

35. SYG breached its duty when it failed to exercise reasonable care in performing work on the Vessel.

36. But for SYG's failure to properly inspect and measure the area where it was installing the Seakeeper, the MBD's Vessel would not have been damaged by SYG's actions, including but not limited to cutting of the bulkhead and stringer in an attempt for fit the Seakeeper, and failure to properly paint and laminate the fiberglass where the Seakeeper was to be placed.

37. As a direct and proximate result of SYG's negligence, MBD has suffered damages.

WHEREFORE, MBD demands damages against SYG, plus costs, interest and any other relief the Court deems appropriate.

### COUNT IV: FRAUDULENT INDUCEMENT

38. MBD re-alleges and re-avers the allegations contained in paragraphs 1-18 above as if fully set forth herein.

39. Prior to entering into a contract to install certain equipment, SYG represents itself as an expert on installing the EQUIPMENT.

40. SYG knowingly and on multiple occasions, through advertising, brochures, warranties and written and oral communications, made material misrepresentations to MBD that the Vessel has undergone the requisite review and the EQUIPMENT recommended by SYG was suitable for the vessel and would be safely and properly installed by SYG.

41. At the time it made these material misrepresentations, SYG either knew they were false, made the misrepresentations without knowledge of whether they were true or false, or should have known the misrepresentations were false, in that SYG was aware or should have been aware that they would not be able or willing to install the EQUIPMENT in a workmanlike manner and this EQUIPMENT was the correct equipment for the vessel.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

42.     MBD justifiably and reasonably relied on SYG's representations as set forth above, to its detriment, in that SYG would not have hired, purchased equipment and professional services, continued to pay for, nor would it have incurred expenses and losses associated with the EQUIPMENT had it known that SYG was unqualified and failed to properly ascertain that the EQUIPMENT could be properly installed and was the correct EQUIPMENT required by MBD.

43.     As a direct and proximate result of the foregoing actions, MBD has suffered damages, including but not limited to loss of use of the Vessel, loss associated with the inability to use the Vessel for its intended purpose, diminished value of the Vessel, costs to repair the Vessel, prolonged costs to drydock the Vessel while it undergoes repair, and loss of the funds SYG wrongfully required MBD to pay for the installation of this equipment which still has not been installed.

WHEREFORE MY BUDDY DAVIS LLC. demands damages against SYG, plus costs, interest and any other relief the Court deems appropriate and a trial by jury on all issues so triable.

Dated: March 14, 2022.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida  33143
Phone:  (305) 663-0177

BY:     _____
Robert W. Blanck, Esq.
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorneys for: MY BUDDY DAVIS LLC.