UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

        Plaintiff,

                                      CASE NO.: 0:22-cv-60542-KMM

vs.

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

        Defendant.

_____/

**DEFENDANT STARBOARD YACHT GROUP, LLC'S MOTION TO DISMISS**

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through its undersigned counsel, hereby moves to dismiss Counts II, III, and IV of Plaintiff MY BUDDY DAVIS LLC's Complaint with Prejudice, and states:

1.      On March 14, 2022, Plaintiff filed this lawsuit against Starboard under numerous theories of liability, including breach of maritime contract, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), negligence, and fraudulent inducement. Plaintiff also demanded a jury trial. *See* Complaint.

2.      In support of these claims, Plaintiff alleges that it contracted with SYG to install various systems on board its vessel, a 74' Buddy Davis (the "Vessel"). *See* Complaint at ¶ 2-3.

3.      Plaintiff alleges that "none of these systems have been installed despite substantial payments made to SYG." *See* Complaint at ¶ 5.

4.      For the reasons set forth below, Plaintiff's FDUTPA, negligence, fraudulent inducement claims should be dismissed with prejudice and its demand for a jury trial should be stricken.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *See* Fed. R. Civ. P. 12(b)(6).  In assessing the legal sufficiency of a complaint's allegations, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must therefore "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570).  "Dismissal is therefore permitted 'when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.'" *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).

When reviewing a motion to dismiss, a court must construe the complaint in a light most favorable to the plaintiff and take the factual allegations contained therein as true. *See SEC v. ESM Group, Inc.,* 835 F.2d 270, 272 (11th Cir.), *reh'g denied,* 840 F.2d 25, *cert. denied,* 486 U.S. 1055 (1988).  The court, however, need not accept as true legal conclusions or opinions that are couched as factual allegations. *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981), *aff'd*, 460 U.S. 325 (1983).  Pleadings that "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

The sufficiency of a counterclaim is governed by Federal Rule of Civil Procedure 8(a)(2). Rule 8(a)(2) requires a short and plain statement of the claim that fairly notifies the defendant of

2

both the claim and the supporting grounds. *Twombly*, 550 U.S. at 555–56.  Although a plaintiff is not required to detail all the facts upon which he bases his claim, "it is still necessary that a [pleading] contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *See* Fed. R. Civ. P. 8(a)(2); *Roe v. Aware Woman Ctr. for Choice*, 253 F.3d 678, 683 (11th Cir. 2001). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly,* 550 U.S. at 556, n.3.  "Factual allegations must be enough to raise [plaintiff's] right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true." *Id.* "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

**ARGUMENT**

I.      **The general maritime law preempts Plaintiff's claim for damages under the Florida Deceptive and Unfair Trade Practices Act.**

Plaintiff brings its lawsuit under the general maritime law, alleging the contract is maritime in nature. *See* Complaint at ¶ 1, 20. Count II of the Complaint states a claim under FDUTPA; however, Plaintiff's FDUTPA claim cannot survive because "general federal maritime law preempts a claim for damages under the FDUTPA." *F.W.F. Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342, 1352 (S.D. Fla. 2007); *see also Delta Marine v. Whaley*, 813 F. Supp. 414, 417 (E.D.N.C. 1993) (dismissing claim under North Carolina's Unfair and Deceptive Trade Practices Act, holding it was preempted by admiralty law); *Geftman v. Boat Owners Ass'n of the United States*, No. 2:02-1461-18, 2003 U.S. Dist. LEXIS 24861, at *13 (D.S.C. Dec. 2, 2003) (holding plaintiff's claim under South Carolina's Unfair and Deceptive Trade Practices Act was preempted

by federal maritime law). Accordingly, the Court should dismiss Plaintiff's FDUTPA claim with prejudice, as no such claim is cognizable under the general maritime law.

II.     **The maritime economic loss rule bars Plaintiff's negligence and fraudulent inducement claims.**

Counts III and IV of the Complaint fail to state causes of action upon which relief may be granted because claims sounding in tort are barred by the maritime economic loss rule pronounced in *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858 (1986) (expressing concern with preventing contract law from "drown[ing] in a sea of tort."). While the Florida Supreme Court has limited the economic loss rule to products liability cases under Florida law, admiralty law has not followed the direction of Florida in limiting application of the economic loss rule. *BVI Marine Constr. Ltd. v. ECS-Florida*, LLC, No. 12-80225-CIV-MARRA, 2013 U.S. Dist. LEXIS 178883, at *12-13 (S.D. Fla. Dec. 20, 2013) (holding that maritime law governs, barring plaintiff's tort claims). "[T]he maritime economic loss rule has a very long and resilient history." *Id.* Indeed, it is well-established that claims for unintentional torts are subject to dismissal under the maritime economic loss rule. *See St. Clair Marine Salvage, Inc. v. M/Y Blue Marlin*, MC No. 5937 RL, No. 13-14714, 2014 U.S. Dist. LEXIS 75164, at *14 (E.D. Mich. June 3, 2014); *Am. Petroleum & Transp., Inc. v. City of N.Y.*, 737 F.3d 185, 195-96 (2d Cir. 2013) ("[W]e now explicitly accept the broad rule … that economic losses are not recoverable for an unintentional maritime tort in the absence of physical injury, mindful that for some categories of claims, exceptions may well be appropriate.").

While Plaintiff's negligence claim is clearly barred by the maritime economic loss rule, Plaintiff apparently attempts to circumvent the rule by also asserting a fraudulent inducement claim. However, fraud claims "inextricably tied" to a breach of contract claim are *also* barred by the maritime economic loss rule. *R/V Beacon, LLC v. Underwater Archeology & Expl. CORP.*,

No. 14-CIV-22131-BLOOM/Valle, 2014 U.S. Dist. LEXIS 139388, at *16 (S.D. Fla. Oct. 1, 2014); *St. Clair*, 2014 U.S. Dist. LEXIS 75164, at *15 (holding that plaintiff's tort claim was "inextricably tied" to his breach of contract claim and was therefore barred by the maritime economic loss rule). The Court in *R/V Beacon, LLC* explained that the "Third Circuit has noted an emerging trend among jurisdictions which recognizes 'a limited exception to the economic loss doctrine for fraud claims, but <u>only where the claims at issue arise independent of the underlying contract</u>.'" 2014 U.S. Dist. LEXIS 139388, at *16 (quoting *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 676 (3d Cir. 2002) (emphasis added)). No such exception exists here as the fraudulent inducement claim is inextricably tied to Plaintiff's breach of contract claim. Accordingly, the maritime economic loss rule bars Plaintiff's negligence and fraudulent inducement claims.

III. **Notwithstanding the foregoing, Plaintiff's fraudulent inducement claim fails to conform with the heightened pleading requirements under Federal Rule of Civil Procedure 9(b) and should be dismissed.**

Federal Rule of Civil Procedure 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "This requirement is intended to alert defendants to the precise misconduct with which they are charged." *R/V Beacon, LLC*, 2014 U.S. Dist. LEXIS 139388, at *19-22 (internal quotations omitted). "[A] party satisfies the particularity requirement when the pleading sets forth: (1) precisely what statements were made; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) it; (3) the content of such statements and the manner in which they caused the plaintiff to be misled; (4) what the defendants obtained as a result of the fraud." *Id.* at *22. Plaintiff has failed to state the foregoing; therefore, Rule 9(b)'s heightened pleading standard has not been met and Plaintiff's fraudulent inducement claim should be dismissed.

**IV.     Plaintiff's jury trial demand is improper.**

There is no right to a jury trial, where a case proceeds solely under the Court's admiralty jurisdiction. *McNair v. Royal Caribbean Cruises, Ltd.*, No. 21-21048-Civ, 2021 WL 1062588, at *2 (S.D. Fla. Mar. 19, 2021); *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("[A]s in all admiralty cases, there is no right to a jury trial."); *Landivar v. Celebrity Cruises Inc.*, 21-20815-CIV, 2021 WL 7186402, at *4 (S.D. Fla. July 12, 2021) ("It is well settled that there is generally no right to a jury trial in admiralty cases."). Thus, since Plaintiff brings this case solely in admiralty, its request for "a trial by jury on all issues so triable" is improper and should be stricken.

WHEREFORE, Defendant STARBOARD YACHT GROUP, LLC, respectfully requests an Order dismissing Counts II, III, and IV of Plaintiff MY BUDDY DAVIS LLC's Complaint with Prejudice and striking its request for a jury trial, and any further relief the Court deems just and proper.

**[SIGNATURE BLOCK ON THE FOLLOWING PAGE]**

Respectfully submitted,

*/s/ Brandon Bushway*
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email:  mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **April 22, 2022,** the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List via the State of Florida E-Filing Portal..

*/s/ Brandon Bushway*
Attorney

7

## SERVICE LIST
## CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*

8