UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

CASE NO.: 2022-cv-60542-KMM

MY BUDDY DAVIS LLC.,

     Plaintiff,

vs.

STARBOARD YACHT GROUP LLC.

     Defendant.

_____

## RESPONSE IN OPPOSITION OF DEFENDANT'S MOTION TO DISMISS

COMES NOW, the Plaintiff MY BUDDY DAVIS LLC. ("MBD"), by and through its undersigned attorneys and files this its Response in Opposition to Defendant STARBOARD YACHT GROUP LLC.'s ("SYG") Motion to Dismiss, and for its reasons further states:

## PREFATORY STATEMENT

Plaintiff MBD contacted Defendant, boating consultant and equipment and service provider, SYG, in early 2021 to inquire whether certain equipment they sold and installed would be suitable for MBD's Vessel, which was in the process of being overhauled. SYG held itself out as an expert in the installation of vessel equipment. MBD was induced to procure certain equipment and installation services based on SYG's representation that the equipment was suitable for installation and use on MBD's Vessel. Relying on SYG's representations of suitability for use, installation, and price estimate, all of which were false, MBD rejected other options and contracted with SYG to purchase and install this equipment. However, SYG knew the equipment was not suitable for the Vessel nor that they could be installed for anywhere near the price estimate provided by SYG or at all without substantial modifications to the Vessel. SYG induced MBD to

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

prevent it from going to another vendor/service provider. If not for SYG's false representations as to the suitability of the equipment for installation and use on the Vessel, MBD would not have incurred the costly delays it has suffered. SYG's false statements about the suitability of the equipment for installation and use on the Vessel, which MBD relied upon to its detriment, is a tort independent of the breach of contract by SYG, which is based on its negligent performance under the contract.

MBD's Breach of Contract claim arises from SYG's failure to perform under the contract, reflected by billings for work not authorized or performed and damage to the Vessel caused by negligence workmanship. The fraudulent misrepresentations and the contractual breaches of performance are separate and distinct wrongs visited upon MBD by SYG. Nearly a year later, including 590 labor hours charged by SYG, none of the equipment has been installed. SYG is fully aware of its fraud and its negligent performance under the contract, both of which are actionable.

Notwithstanding the foregoing, to move this case along and in the interest of judicial economy, MBD hereby withdraws the following: 1) only its attorney fee demand in Count II, Violation of FDUPTA; 2) Count III, Negligence; and 3) its demand for a jury trial. Plaintiff further responds to Defendant's remaining arguments as follows:

<u>**LEGAL STANDARD**</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and alteration omitted). When considering a motion to dismiss, the court takes the factual allegations as true and construes them in the light most favorable to the

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## I.      Federal Maritime Law Does Not Preempt Plaintiff's FDUTPA claim

Federal maritime law does not preempt a claim under the FDUTPA. *See Jones Superyacht Miami, Inc. v. M/Y Waku,* 451 F. Supp. 3d 1335, (S.D. Fla. 2020) (maritime law does not wholly preempt FDUTPA claims, only the attorney fee aspect of the statute); *see also Barnext Offshore Ltd. v. Ferretti Grp. USA, Inc.*, No. 10-23869, 2011 WL 13223746, at *16 (S.D. Fla. May 16, 2011) (in denying the defendant's Motion to Dismiss FDUTPA claim, the court found that federal maritime law only preempts the damages provisions of a statute where there is a conflict, and substantive FDUTPA does not conflict with maritime law, only the fee shifting provision does); *Brown v. Oceania Cruises, Inc.*, No. 17-22654, 2017 WL 10379580 (S.D. Fla. Nov. 20, 2017) (no basis for dismissing a statutory claim for misleading advertising, the substantive statute does not conflict with maritime law, though the court would be prohibited from enforcing the fee shifting provision); *Fojtasek v. NCL (Bahamas) Ltd.*, 613 F. Supp. 2d 1351 (S.D. Fla. 2009)(FDUTPA's fee shifting provision aside, the substantive provisions of the statute do not conflict with general maritime law); *Latman v. Costa Cruise Line, N.V.*, 758 So.2d 699 (Fla. 3d DCA 2000)("We are unable to see how the enforcement of state law against deceptive and unfair trade practices would work material prejudice to the characteristic features of the general maritime law, or interfere with its proper harmony and uniformity.").

Plaintiff's reliance upon *F.W.F., Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342 (S.D. Fla. 2007) and cases from North Carolina and South Carolina are misplaced. In its rejection of older cases, *Jones Superyacht* points out that in *F.W.F.,* magistrate judge Hopkins did not engage

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

in any formal preemption analysis and that the cases cited in those decisions focused on the attorneys' fees aspect of state law and maritime law's general prohibition against the award of such fees. *See Jones Superyacht Miami, Inc.,* 451 F. Supp. 3d at 1340. In *Jones Superyacht Miami, Inc.*, Judge Moreno found that substantive FDUTPA "directly advance[s] a core aim of maritime law" and so is not preempted. *Id.* at 1342. In reaching this determination, he looked to the central reasoning of the 11th Circuit in *Misener Marine Const., Inc. v. Norfolk Dredging Co.*, 594 F.3d 832 (11th Cir. 2010) to conclude that it is only the attorney fee provision of FDUTPA that conflicts with maritime law, not the substance of the statute. Accordingly, maritime law does not prohibit a FDUTPA claim, only the enforcement of its fee shifting provision. Judge Moreno further noted that without the application of FDUTPA, shipyards across Florida could employ whatever deceptive practices they wished when charging customers for their purported services. *Id.* at 1342. This is precisely the type of reprehensible conduct that SYG has engaged in here, which precipitated this lawsuit.

As the attorney fee demand contained in the FDUTPA count has been withdrawn, Defendant's Motion to Dismiss the FDUTPA count alleged in Count II of the Complaint is without support, for which reason it should be denied.

### II.     The Maritime Economic Loss Rule Does Not Bar Plaintiff's Fraudulent Inducement Claim.

Additionally, Count IV, Fraudulent Inducement, is not barred by the maritime economic loss rule. *See R/V Beacon, LLC v. Underwater Archeology & Expl. Corp.*, 14-CIV-22131, 2014 WL 4930645, at *6 (S.D. Fla. Oct. 1, 2014)(The maritime economic loss rule "does not purport to bar all tort claims when the relationship between the parties arose by virtue of a contract."); *see also Tiara Condo. Ass'n, Inc. v. Marsh & McLennan Co.*, 714 F.3d 1253, 1257, 1258 (11th Cir. 2013)(Under the "economic loss rule," while a plaintiff cannot recover in tort for economic

damages stemming from a breach of contract, a plaintiff can recover for Fraudulent Inducement that is independent of the contractual breach); *Lamm v. State Street Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014) (a tort claim can be independent of a breach of contract claim even if there is overlap if other conduct constituting an independent tort is alleged); *Pesca Grande Charters, Inc. v. Moran*, 704 So. 2d 710, 712 (Fla. 5th DCA 1998) (Fraudulent Inducement and Breach of Contract are not mutually exclusive"); *HTP, Ltd. v. Lineas Aereas Costarricenses, S.A.*, 685 So.2d 1238, 1239 (Fla. 1996) (A misrepresentation made before a contract is entered into is distinct from any breach of that contract after it is formed); *HGI Assocs., Inc. v. Wetmore Printing Co.*, 427 F.3d 867, 877 (11th Cir. 2005) (Claims for breach of contract and for fraud in inducing plaintiff to enter into the contract may exist at the same time, indeed, a Plaintiff can seek to recover punitive damages for the alleged fraudulent inducement.).

Defendant's sole argument offered in support of its motion to dismiss Count IV is its conclusory belief that the Breach of Contract and Fraudulent Inducement claims are "inextricably intertwined." *See* Motion to Dismiss [D.E. 11], p. 4-5. A review of the allegations of the Complaint shows that this argument is not substantiated.

The Breach of Contract count alleges that SYG billed MBD for work that was not authorized, for work that was not done, and for improperly performed work that caused damage to the Vessel. Complaint, ¶ 28. By contrast, the Fraudulent Inducement count alleges that SYG misrepresented its assessment of the Vessel, made false representations as to the suitability of equipment recommended for the Vessel, and misrepresented SYG's ability to safely install such equipment. *See* Complaint ¶¶ 40-41. These misrepresentations were made to induce Plaintiff into utilizing the services of the defendant for a price the Plaintiff never intended to adhere to.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

The Breach of Contract claim is based on the Defendant's failure to perform as contracted, while the Fraudulent Inducement claim is based on misrepresentations made prior to the contract, which is not related to contractual performance. The Eleventh Circuit has also acknowledged the "representations which occur during the performance of the contract" are barred by the economic loss rule and representations "which are independent of the contract, such as those made to induce a party to enter the contract" are not barred. *Luigino's Intern. v. Miller*, 311 Fed. Appx. 289, 294 (11th Cir.2009). The Fraudulent Inducement claim is grounded in SYG's pre-contract fraud, which lured Plaintiff away from other vendors and does not rest on a violation of the contract. It is a cognizable tort, independent of the breach of contract claim and therefore should not be dismissed. *See La Pesca Grande*, 704 So. 2d at 712; *HTP, Ltd.*, 658 So. 2d at 1239.

**III.     MBD Has Plead its Fraudulent Inducement Claim With Particularity**

Lastly, the particularity requirement of Rule 9(b) is satisfied where the complaint alleges facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them. *Garcia v. Kashi Co.*, 43 F. Supp. 3d 1359, 1382 (S.D. Fla. 2014)(quoting *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009)). These details are sufficiently pled under the circumstances of this case and are well known to the defendant. "Rule 9(b)'s heightened pleading standard may be applied less stringently ... when specific 'factual information [about the fraud] is peculiarly within the defendant's knowledge or control.'" *Hill v. Morehouse Med. Assocs.*, 2003 WL 22019936, *3 (11th Cir. Aug. 15, 2003)(citations omitted). The Complaint provides the time frame of the misleading statement, the content that was misleading, the reasons why the misrepresentations amounted to fraud, and the alleged scheme SYG induced MBD into. *See* Complaint, ¶¶ 3, 5, 10-12, 17. Plaintiff has been subject to the typical bait and switch scheme. As

outlined in the Complaint, SYG misrepresented its expertise to induce MBD to install these pieces of equipment prior to negotiations, which SYG knew wouldn't fit as experts. Thus, MBD had to pay additional monies to have the job done correctly. *Id.* at ¶18. Defendant is in possession of Plaintiff's money and equipment, and after 590 hours of work, Plaintiff is in a worse position than prior to the inducement. Accordingly, Defendant's Motion as to Count IV should be denied.

## CONCLUSION

As demonstrated by the legal authority cited herein, maritime law does not preempt Plaintiff's FDUTPA claim and the Fraudulent Inducement claim are not barred by the maritime economic loss rule as it is an independent tort, separate from the breach of contract claim, which is based on SYG's breach of performance under the contract, unlike the fraud claim. The Complaint pleads sufficient facts to state a claim for Fraudulent Inducement under FRCP 9(b). SYG is aware of its fraud; this aspect of its motion is simply a dilatory tactic. The FDUTPA and Fraudulent Inducement claims state claims upon which relief may be granted under *Ashcroft v. Iqbal* and Rule 9(b) and caselaw cited herein. Defendant's Motion to Dismiss should accordingly be denied. In the alternative, if the Court should find the allegations of the complaint are not plead with sufficient particularity, Plaintiff requests leave to amend the Complaint to address such deficiency.

WHEREFORE, Plaintiff MY BUDDY DAVIS LLC. respectfully requests that this honorable Court enter an Order Denying Defendant's Motion to Dismiss and grant such other and further relief it deems just and proper.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __13th__ day of __MAY____, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew J. Valcourt, Esq.** mvalcourt@valcourtlaw.com VALCOURT AND ASSOCIATES LLC. 850 N.E. Third Street Suite 208 Dania Florida 33004 and **Jules V. Massee, Esq**. jmassee@hamiltonmillerlaw.com E-Service: JVMserve@hamiltonmillerlaw.com **Brandon Bushway Esq.** bbushway@hamiltonmillerlaw.com HAMILTON MILLER & BIRTHISEL LLP. 100 S. Ashley Drive, Suite 1210 Tampa, Florida 33602, *Counsel for Starboard*, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida  33143
Phone:  (305) 663-0177

BY: _____

Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorney for: MY BUDDY DAVIS LLC.

8044/RespInOppMtnToDismiss