UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

        Plaintiff,

                                   CASE NO.: 0:22-cv-60542-KMM

vs.

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

        Defendant.

_____/

**<u>DEFENDANT STARBOARD YACHT GROUP, LLC'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS</u>**

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through its undersigned counsel, hereby files its Reply to Plaintiff MY BUDDY DAVIS LLC's Response in Opposition to Defendant's Motion to Dismiss, and states:

1.      On March 14, 2022, Plaintiff filed this lawsuit against Starboard under numerous theories of liability, including breach of maritime contract, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), negligence, and fraudulent inducement. Plaintiff also demanded a jury trial. *See* Complaint.

2.      On April 22, 2022, SYG moved to dismiss Plaintiff's FDUTPA, negligence, and fraudulent inducement claims with prejudice and to strike its demand for a jury trial.

3.      On May 13, 2022, Plaintiff filed its Response in Opposition to SYG's Motion to Dismiss, wherein Plaintiff agreed to withdraw: (1) its demand for attorneys' fees under the Florida

Deceptive and Unfair Trade Practices Act ("FDUTPA"); (2) its negligence claim; and (3) its demand for a jury trial; however, certain issues remain, necessitating the instant Reply.

## ARGUMENT

**I.     The Florida Deceptive and Unfair Trade Practices Act should be wholly preempted by the general maritime law, not just the Act's attorneys' fee provision.**

While Plaintiff has agreed to withdraw its demand for attorneys' fees under FDUTPA, it argues that the general maritime law does not preempt a claim for damages under FDUTPA, mostly relying upon *Jones Superyacht Miami, Inc. v. M/Y Waku*, 451 F. Supp. 3d 1335 (S.D. Fla. 2020). In *Jones Superyacht Miami, Inc.*, the court acknowledged a split on the issue, recognizing that while *Pantropic Power, Inc. v. M/V Jalapeno*, No. 15-14369, 2016 WL 7626209 (S.D. Fla. June 27, 2016), *F.W.F. Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342 (S.D. Fla. 2007), and *GE Seaco Services, Ltd. v. Interline Connection, N.V.*, No. 09-23864, 2011 WL 98406 (S.D. Fla. Jan. 12, 2011) "do seem to support the broad view that maritime law fully preempts FDUTPA, three other cases in this district support the narrow doctrine of selective preemption." 451 F. Supp. 3d at 1342. While some courts *have* held that only the attorneys' fee provision of FDUTPA is preempted by the general maritime law, other courts have rightfully held that the Act *in its entirety* is preempted by the general maritime law. *See, e.g. F.W.F. Inc.*, 494 F. Supp. 2d 1342.

"In the absence of well-developed maritime law pertaining to [Plaintiff's] negligence claims, [the Court] will incorporate general common law principles and Florida state law to the extent they do not conflict with federal maritime law." *Darby v. Carnival Corp.*, No. 19-21219-CIV-MORE, 2021 U.S. Dist. LEXIS 231951, at *6-7 (S.D. Fla. Dec. 3, 2021) (internal citations omitted). First, the maritime law *is* well-developed on conflicts between shipyards and ship owners; indeed, Plaintiff has asserted a breach of maritime contract action to recover its alleged damages in this case. Thus, there is no need for Florida state law to supplement at all. Second, if

Florida state law were to supplement, Plaintiff should not be permitted to cherry pick certain portions of the FDUTPA statute for what does and does not conflict with the general maritime law. In other words, the case law is clear that FDUTPA conflicts with the general maritime law, one of the overwhelming reasons being the attorneys' fee provision, which Plaintiff acknowledges. However, allowing a party to cherry pick the sections of a state statute that it feels *should* apply in a case substantively governed by the general maritime law is a slippery slope and will undoubtedly allow more state substantive law to supplement the general maritime law than was ever intended.

Accordingly, the Court should dismiss Plaintiff's FDUTPA claim, in its entirety, with prejudice, as no such claim is cognizable under the general maritime law.

**II.     Plaintiff's fraudulent inducement claim cannot survive.**

Plaintiff has withdrawn Count III for negligence; however, Count IV for fraudulent inducement must also be dismissed with prejudice. Plaintiff mainly takes issue with SYG's representation that Plaintiff's breach of contract and fraudulent inducement claims are "inextricably intertwined." When looking within the four corners of the Complaint, it is clear that the two claims are in fact inextricably intertwined, supporting dismissal of Plaintiff's fraudulent inducement claim. Among other authority, Plaintiff relies on *R/V Beacon, LLC v. Underwater Archeology & Expl. CORP.*, No. 14-CIV-22131-BLOOM/Valle, 2014 U.S. Dist. LEXIS 139388 (S.D. Fla. Oct. 1, 2014), one of the same cases SYG cites in its Motion to Dismiss, for the proposition that its fraudulent inducement claim is *not* barred by the maritime economic loss rule. *R/V Beacon, LLC* is clear that a limited exception to the economic loss rule applies "only where the [fraud] claims at issue arise independent of the underlying contract." 2014 U.S. Dist. LEXIS 139388, at *16 (internal citations omitted). Plaintiff has failed to make such a showing, and the

Complaint reveals no such independence between Plaintiff's fraudulent inducement and breach of contract claims.

Plaintiff relies upon *Pesca Grande Charters, Inc. v. Moran* for the proposition that fraudulent inducement and breach of contract claims are not mutually exclusive. 704 So. 2d 710, 712 (Fla. 5th DCA 1998). However, Plaintiff conveniently omits that the court in that case held the damages sought under both claims were "identical" and that the "fraud count [could not] survive." *Id.* As in *Pesca Grande Charters, Inc.*, the damages here are identical, compelling the same result.[1] Accordingly, Plaintiff's fraudulent inducement claim should be dismissed with prejudice.

### III. Notwithstanding the foregoing argument that Plaintiff's fraudulent inducement should be dismissed with prejudice, Plaintiff has failed to plead its fraudulent inducement claim with specificity.

"[A] party satisfies the particularity requirement when the pleading sets forth: (1) precisely what statements were made; (2) the time and place of each statement and the person responsible for making (or in the case of omissions, not making) it; (3) the content of such statements and the manner in which they caused the plaintiff to be misled; (4) what the defendants obtained as a result of the fraud." *R/V Beacon, LLC*, 2014 U.S. Dist. LEXIS 139388, at *22 (internal quotations omitted). In its Response in Opposition to SYG's Motion to Dismiss, Plaintiff argues that the details of its allegations are sufficiently pled and that the Complaint provides the necessary information to conform with Rule 9(b)'s heightened pleading standard. A simple review of the Complaint shows otherwise. For example, the Complaint alleges "SYG knowingly and on multiple

---

[1] Plaintiff also cites *Luigino's Int'l, Inc. v. Miller*, a wholly distinguishable, non-maritime case involving a frozen food company and applying <u>Florida</u> substantive law with respect to the economic loss rule. 311 F. App'x 289 (11th Cir. 2009). As discussed in SYG's Motion to Dismiss, admiralty law has *not* followed the limited construct that Florida has placed on the economic loss rule. *See, e.g., BVI Marine Constr. Ltd. v. ECS-Florida*, LLC, No. 12-80225-CIV-MARRA, 2013 U.S. Dist. LEXIS 178883, at *12-13 (S.D. Fla. Dec. 20, 2013). *Luigino's Int'l, Inc.* is also distinguishable because there was <u>no</u> contractual relationship between the parties in that case. 311 F. App'x 289, 293 (11th Cir. 2009).

occasions, through advertising, brochures, warranties and written and oral communications, made material misrepresentations to [Plaintiff] . . ." *See* Complaint at ¶ 40. Plaintiff clearly fails to state precisely what statements were made and the time and place of each statement and the person responsible for it. Accordingly, the allegations are not pled with specificity and the fraudulent inducement claim should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant STARBOARD YACHT GROUP, LLC, respectfully requests an Order dismissing Counts II, III, and IV of Plaintiff MY BUDDY DAVIS LLC's Complaint with Prejudice and striking its request for a jury trial, and any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Brandon Bushway*
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email: mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **May 20, 2022,** the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List via the State of Florida E-Filing Portal..

/s/ Brandon Bushway
Attorney

### SERVICE LIST
### CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*

6