UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

        Plaintiff,

                                  CASE NO.: 0:22-cv-60542-KMM

vs.

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

        Defendant.

_____/

**<u>DEFENDANT STARBOARD YACHT GROUP, LLC'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>**

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through its

undersigned counsel, hereby files its Answer, Affirmative Defenses, and Counterclaim to Plaintiff

MY BUDDY DAVIS LLC's ("MBD") Amended Complaint, and states:

1.      Denied.

2.      Without knowledge; therefore, denied.

3.      Admitted that SYG is a Florida limited liability company organized under the laws

of the State of Florida, with its principal place of business in Dania Beach, Florida; otherwise,

denied.

4.      Denied.

**<u>General Allegations</u>**

5.      Denied.

6.      Admitted that the parties had a series of <u>written</u> estimates, invoices and contracts for parts and labor; otherwise, denied.

7.      Admitted that the parties had a series of <u>written</u> estimates, invoices and contracts for parts and labor; otherwise, denied.

8.      Admitted that the parties had a series of <u>written</u> estimates, invoices and contracts for parts and labor; otherwise, denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

13.     Denied.

14.     Admitted that MBD was invoiced for the labor, parts and materials; otherwise, denied.

15.     Denied.

16.     Denied (a-l).

17.     Denied.

18.     Denied.

<u>**COUNT I: BREACH OF MARITIME CONTRACT**</u>

19.     SYG reiterates and incorporates its responses in paragraphs one (1) through eighteen (18) above as if fully set forth herein.

20.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, denied.

21.     Denied.

22.     Denied.

23.     Admitted that MBD made partial payments for equipment only and paid no labor or material costs as contracted; otherwise, denied.

24.     Denied.

WHEREFORE, Defendant STARBOARD YACHT GROUP, LLC requests this Court dismiss Plaintiff MY BUDDY DAVIS LLC's Complaint with prejudice and enter judgment in Defendant's favor, and grant such further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

25.     SYG reiterates and incorporates its responses in paragraphs one (1) through eighteen (18) above as if fully set forth herein.

26.     Admitted that MBD is making a claim pursuant to the Florida Deceptive and Unfair Trade Practices Act; otherwise, denied.

27.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, denied.

28.     This paragraph constitutes a legal conclusion to which no response is required. To the extent a response is required, denied.

29.     This paragraph merely states statutory language to which no response is required. To the extent a response is required, denied.

30.     Denied (a-g).

31.     Denied.

32.     Denied.

WHEREFORE, Defendant STARBOARD YACHT GROUP, LLC requests this Court dismiss Plaintiff MY BUDDY DAVIS LLC's Complaint with prejudice and enter judgment in Defendant's favor, and grant such further relief as this Court deems just and proper.

### AFFIRMATIVE DEFENSES

Defendant STARBOARD YACHT GROUP, LLC reiterates its responses to Plaintiff MY BUDDY DAVIS LLC's allegations above as if fully set forth herein, and for its affirmative defenses states:

### First Affirmative Defenses

Plaintiff's Amended Complaint lacks subject matter jurisdiction pursuant to Fed R. Civ. P. 12(b)(1) and 28 U.S.C. §1367. Plantiff's claims lack subject matter jurisdiction pursuant to admiralty law as to some or all counts.

### Second Affirmative Defense

Plaintiff fails to state claims under Florida Deceptive and Unfair Trade Practices Act and breach of maritime contract upon which relief can be granted pursuant to Rule 12(b)(6) and Rule 8(a)(2) as to all Counts. Plaintiff fails to include necessary facts as to the extent of the contract terms including alleged oral portions thereof and fails to state a claim cognizable in admiralty as to Deceptive Trade Practices. To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,550 U.S. 544, 570 (2007). The Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements

of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F. 3d 1246, 1251 (11th Cir. 2013).

### Third Affirmative Defense

Plaintiff is estopped from seeking equitable relief because it is guilty of unclean hands including bad faith actions, alleged extortion, slander and libel, and tortious interference with business relations, publishing falsehoods about the defendant, intimidating defendant and defendant's staff, and other acts.

### Fourth Affirmative Defense

Plaintiff at all stages of the claim and litigation has acted in bad faith including bringing a meritless action, threatening criminal action, publishing slanderous and libelous posts on social media, failing to pay invoices, contacting Defendant's vendors, and threatening to disrupt its business relationships with Seakeeper and other vendors, and other acts of bad faith.

### Fifth Affirmative Defense

Defendant is entitled to offset for its damages for Plaintiff's breach of contract and the counterclaims.

### Sixth Affirmative Defense

Defendant alleges Plaintiff's damages, if any, were caused either in whole or in part by the acts and/or omissions of third persons for whom Defendant is not responsible and that said acts and/or omissions amount to a superseding cause or causes that cut off any causal connection between Defendant's alleged negligence and Plaintiff's alleged damages.

### Seventh Affirmative Defense

Plaintiff's claims are barred by its failure to mitigate its damages, or alternatively, Plaintiff mitigated its damages, and therefore, any damages award should be reduced accordingly.

## Eighth Affirmative Defense

Defendant is entitled to a set-off for any and all monies paid to, or on behalf of, Plaintiff as a result of its alleged damages, as well as any monies received from collateral sources.

## Ninth Affirmative Defense

At all times material hereto, Plaintiff conducted itself in a negligent manner. Said negligence was a contributing and/or the sole proximate, legal cause of the alleged damages complained of in Plaintiff's Complaint, and, that by reason thereof, the Plaintiff is barred in whole and/or in part from recovery on the grounds of comparative negligence.

## Tenth Affirmative Defense

Defendant is entitled to a set-off for all sums of money recovered by or on behalf of Plaintiff by way of any settlement, judgment or otherwise, which was entered into or received by Plaintiff from any person or entity.

## Eleventh Affirmative Defense

Defendant alleges any and all available defenses under any releases of liability executed by the Plaintiff for events alleged in Plaintiff's Complaint, if one so exists.

## Twelfth Affirmative Defense

Defendant alleges any and all available defenses under the Uniform Commercial Code, including but not limited to Plaintiff's failure to allow Defendant to cure any alleged non-conformities.

## STARBOARD YACHT GROUP, LLC'S
## COUNTERCLAIM AGAINST MY BUDDY DAVIS, LLC

Defendant STARBOARD YACHT GROUP, LLC, by and through its undersigned counsel, hereby files its Counterclaim to Plaintiff MY BUDDY DAVIS LLC's Amended Complaint, and states:

### GENERAL ALLEGATIONS

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1333 and U.S. Const. Art. III, § 2.

2. MBD is a Florida Limited Liability Company that owns the 74' Buddy Davis vessel (the "Vessel") that is the subject of this lawsuit.

3. On June 22, 2022, MBD filed its Amended Complaint for Breach of Maritime Contract and Violation of Florida Deceptive and Unfair Trade Practices Act, claiming damages against SYG.

4. In its Complaint, MBD seeks damages for an unspecified amount.

5. SYG is entirely without fault for MBD's alleged damages.

6. SYG has performed all conditions precedent prior to bringing its Counterclaim against MBD.

### COUNT I – BREACH OF REPAIR CONTRACT

7. Defendant/Counter-Plaintiff STARBOARD YACHT GROUP, LLC realleges and reaffirms paragraphs one (1) through six (6) above and further alleges as follows:

8. This action is for breach of marine repair contracts and provision of necessaries to Plaintiff/Counter-Defendant MY BUDDY DAVIS, LLC.

9.    SYG entered into agreements with MBD to fabricate and modify the Vessel and install a Seakeeper stability system, a Humphree Stabilizer system and an Optimus steering system and other work on a time and material billing basis. *See* **Exhibits "A" and "B,"** attached hereto.

10.    The installation was coordinated with SYG's in-house naval architect, MBD's naval architect, and the manufacturers of the three components, Seakeeper stabilizer, Humphree interceptors, and Omega Steering systems.

11.    SYG provided estimates to MBD, which were accepted and the work commenced. The estimates clearly stated that "This is an estimate and not an actual cost of service. The actual Invoice will reflect actual labor hours worked and materials consumed." *See* Ex. A.

12.    SYG commenced the project, furnished significant labor, materials and purchased goods to install into the Vessel and thus has materially performed the contract.

13.    During the time for performance, the Vessel was undergoing a major refit and numerous delays were caused by other trades working on the Vessel including paint and body work, electrical, termite damage repairs, and other delays not caused by SYG.

14.    SYG invoiced and demanded payment for labor expended and materials but MBD failed to pay and is in breach.  A copy of the outstanding invoices are attached hereto as **Exhibit "B."**

15.    Prior to installation, MBD, through its owner, members or agents prevented access to the Vessel on the day of the scheduled install of the purchased components thereby frustrating the contract.

16.    MBD breached the contracts as follows with each being a material breach of the contract:

   a.  Failing to pay the full deposit (50%) for labor;

b.  Failing to pay for materials used;

c.  Failure to pay outstanding invoices for labor expended;

d.  Preventing access to the Vessel and intentionally frustrating the contract;

e.  Delaying access to the Vessel to complete the projects;

f.  Scheduling multiple trades on the Vessel at the same time to delay the projects;

g.  Acting in bad faith including threatening to destroy SYG and its vendor relations with Seakeeper;

h.  Failing to allow SYG to cure any alleged defects;

i.  failing to utilize any provided warranty prior to filing suit;

j.  Interfering with SYG's relationship with Seakeeper, attempting to interfere with that contractual relationship and SYG's Seakeeper franchise and dealership;

k.  Publishing falsehoods about the project and SYG;

l.  Use of extortion threats to facilitate settlement; and

m.  Other acts that may be discovered.

17.  As a result of the breaches of the contract and bad faith, SYG has been damaged including but not limited to past due payments, loss of profits, lost volume sales, restocking fees and costs, attorneys' fees and other contractual damages.

18.  SYG stood ready, willing, and able to complete the projects pursuant to the sales terms but MBD refuses to pay the labor and other costs and refuses to provide access to the Vessel.

19.  As a result of this breach, SYG has been damaged.

WHEREFORE, STARBOARD YACHT GROUP, LLC prays for entry of judgment against MY BUDDY DAVIS LLC for all damages so provable, plus costs, prejudgment interest and post judgment interest, and attorneys' fees for extreme bad faith by MY BUDDY DAVIS LLC

and that STARBOARD YACHT GROUP, LLC may have such other and further relief as the cause may require.

Respectfully submitted,

/s/ Brandon Bushway
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC.*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email: mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **July 6, 2022,** the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brandon Bushway
Attorney

10

## SERVICE LIST
## CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*