UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

        Plaintiff,

                                      CASE NO.: 0:22-cv-60542-KMM

vs.

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

        Defendant.

_____/

**<u>STARBOARD YACHT GROUP, LLC'S VERIFIED THIRD-PARTY COMPLAINT AGAINST ONE 74' BUDDY DAVIS SPORTFISH VESSEL, ITS ENGINES, TACKLE, MACHINERY, COMPONENTS, TOOLS, RIGGING, GEAR, BOATS, APPURTENANCES ETC., *in rem*, AND RUDY RODOLFO ("RUDY") RODRIGUEZ-DURET, *in personam*</u>**

COMES NOW, Defendant/Third-Party Plaintiff STARBOARD YACHT GROUP, LLC ("SYG"), by and through its undersigned counsel, hereby files its Third-Party Complaint against Third-Party Defendants, one 74' Buddy Davis sportfish vessel, its engines, tackle, machinery, components, tools, rigging, gear, boats, appurtenances etc., her engines, tackle, apparel, and appurtenances (the "Vessel"), *in rem*, and RUDY RODOLFO ("RUDY") RODRIGUEZ-DURET, *in personam*, and states:

1.     This is a case within this Court's Admiralty and Maritime Jurisdiction and Supplemental jurisdiction as hereinafter more fully appears, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     This Honorable Court has original jurisdiction over this matter pursuant to 28 U.S.C.§ 1333, 28 U.S.C. § 1331, 46 U.S. Code § 31342, Rule C of the Supplemental Rules for

Admiralty and Maritime Claims, and Local Rule C, and the general maritime law for maritime necessaries and maritime liens and breach of maritime contract.

3.      This Court also has supplemental jurisdiction over Counts III-IV pursuant to 28 U.S.C.§ 1367 as the parties are closely related and the liability and damages arise out of the same core of operative facts.

4.      Personal jurisdiction is proper over the Third-Party Defendants as the parties purposely availed itself to this District by Contract, by filing suit in this District, by operating vessels in this District and the breach of contract and other actions occurred in this District. Jurisdiction is also proper because the Vessel is presently located within this District.

5.      Venue is proper as all parties reside or do business in this District, the breach of contract, tortious business interference and defamation, slander and libel all occurred within this District, and Third-Party Defendants have minimum contacts in this District as the Vessel is located in Broward County, Third-Party Defendant Rudy Rodolfo ("Rudy") Rodriguez-Duret is believed to reside in Miami-Dade County at 12631 Ramiro St, Coral Gables, FL 33156 and docks, moors, and operates vessels within this District.

### THE PARTIES

6.      SYG is a marine repairer and re-fitter located in Dania, Florida and was engaged by Plaintiff/Counter-Defendant My Buddy Davis, LLC ("MBD") to fabricate the foundations and prepare the Vessel and install components on the Defendant Vessel pursuant to written estimates attached hereto as **Exhibit "A."**

7.      Defendant Vessel is a 74-foot recreational vessel, builder BUDDY DAVIS, believed to be owned by MBD, a Florida Limited Liability Company with a registered agent,

managing member, and/or member, Third-Party Defendant Rudy Rodolfo ("Rudy") Rodriguez-Duret and is located within this District.

8.  Third-Party Defendant Rodolfo ("Rudy") Rodriguez-Duret is believed to be the controlling owner and sole member of MBD.

9.  SYG has performed all conditions precedent prior to bringing this Third-Party Complaint.

**COUNT I- *IN REM* AGAINST VESSEL, FORECLOSURE OF A MARITIME LIEN FOR MARITIME NECESSARIES/BREACH OF CONTRACT**

10.  SYG realleges and reaffirms paragraphs one (1) through nine (9) above and further alleges as follows:

11.  This Verified Complaint of SYG is against the Vessel is for the provision of repair services, furnishing of necessaries to the vessel, and provision of labor and materials to repair the Vessel and SYG claims a maritime lien on the Vessel pursuant to general maritime law and 46 U.S.C. § 31342 and pursuant to estimates furnished to the Vessel and its owner.

12.  Venue is proper in the Southern District of Florida, pursuant to 28 U.S.C. § 1391 as MBD engages in substantial activity in this district, including vessel repair and dockage services, the goods and services and necessaries were provided to the Vessel in this District, and the Vessel is currently located within this District.

13.  The maritime necessaries and services provided to the Vessel occurred within the navigable and territorial waters of the United States and within this District.

14.  The maritime necessaries were ordered and agreed to by MBD and its principal RODOLFO RODRIGUEZ-DURET, a/k/a "Rudy Rodriguez." *See* Estimates and Invoices attached hereto as **Exhibits "A" & "B."**

15.     The Estimates clearly indicated that they were estimates and that all work would be performed "on a time and material basis" and not a fixed price as alleged by MBD.

16.     SYG provided materials and labor to repair the Vessel and prepare it for installation of a Seakeeper stabilizer system, a Humphree stabilizer system and an Optimus steering system. *See* Ex. A.

17.     Substantial work and labor hours needed to be performed to modify the Vessel to receive each of the systems, including structural work, repair of a termite infested bulkhead, fiberglass, paint, preparing foundations and hull to receive the equipment and that work was materially completed.  *See* Ex. B.

18.     SYG purchased the components and parts of the Seakeeper system, the Humphree System and the Omega Steering system as directed by the estimate and MBD. *See* Ex. B.

19.     MBD made partial payments for the work and systems but failed to pay outstanding invoices in the amount of $85,804.86.

20.     Currently there are outstanding invoices due from the Vessel totaling $85,804.86. *See* Ex. B.

21.     SYG has demanded payment for these invoices, but the Vessel and her owners/operators have refused to pay and they remain outstanding.

22.     SYG is entitled to this arrest action and to a recovery of its damages, costs and custodial costs pursuant to the general maritime law and 46 U.S.C. §§ 31341-43.

23.     Fees, costs, expenses, and disbursements have been, and will be incurred in the prosecution of this action.

WHEREFORE,  Defendant/Third-Party Plaintiff STARBOARD YACHT GROUP, LLC prays that Process for the arrest of one 74' BUDDY DAVIS sportfish vessel, its engines, tackle,

4

machinery, components, tools, rigging, gear, boats, appurtenances etc., in due form of law, according to the practices of this Honorable Court in causes of Admiralty and Maritime jurisprudence, may issue against the Vessel, its hull, main engines, tackle, rigging, boats, gear, appurtenances, main engines, fuel, cargo and apparel, etc., and that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular the matters aforesaid; that SYG have a decree for its damages aforesaid, with interest, custodial fees and costs; and that the its engines, tackle, rigging boats, appurtenances etc. be placed in SYG's possession; that process in due form of law may issue enjoining MBD, Third-Party Defendants, or any other party from attempting to sell or dispose of the Vessel and its engines, tackle, rigging, tools, boats, appurtenances etc., that the Vessel and its engines, tackle, rigging, boats, appurtenances etc. located within this District be attached to the amount sued for herein, and condemned and sold to pay SYG's claim; and that the Vessel, her engines, tackle, rigging, boats, appurtenances etc. be adjudged liable to SYG in the amount of $85,804.86, plus pre-judgment and post-judgment interest, custodial fees and costs of litigation, and U.S. Marshal's fees and costs, and that SYG may have such other and further relief as the cause may require.

### COUNT II - TORTIOUS INTERFERENCE AGAINST DEFENDANT RODOLFO ("RUDY") RODRIGUEZ-DURET

24.     SYG realleges and reaffirms paragraphs one (1) through nine (9) above and further alleges as follows:

25.     SYG sues Third-Party Defendant Rodolfo Rodriguez-Duret for tortious interference with a business relationship with SYG's existing business partner Seakeeper Inc.

26.     SYG has a preexisting business relationship with Seakeeper to be a franchisee and certified dealer, installer, and repairer of Seakeeper stability Systems.

5

27.    Rodolfo Rodriguez-Duret was and is aware of that relationship as the Vessel was a referral directly from Seakeeper.

28.    Rodolfo Rodriguez-Duret negotiated with Seakeeper's other vendor prior to contracting with SYG for the sale and installation of a Seakeeper unit aboard the Vessel.

29.    Rodolfo Rodriguez-Duret had direct communication with Seakeeper regarding SYG as a business partner/vendor of Seakeeper.

30.    On numerous occasions, Defendant Rodolfo Rodriguez-Duret engaged in intentional and unjustified interference with the business relationship between Starboard Yacht Group and Seakeeper.

31.    Rodolfo Rodriguez-Duret directly stated to Jake Stratmann of SYG that he would do everything in his power to cause Starboard Yacht Group to lose its Seakeeper dealership.

32.    Rodolfo Rodriguez-Duret's intentional and unjustified interference with the business relationship between SYG and Seakeeper include but were not limited to:

   a. Contacting Seakeeper directly and making false claims about SYG, trying to undermine relationship causing Starboard Yacht to spend time and money to repair the Seakeeper relationship;

   b. Emailing false information to Seakeeper, including a February 22, 2022 email to Seakeeper claiming payment was made in full;

   c. Posting on Instagram that he has contacted Seakeeper and Chad the US Market lead to complain about Starboard Yacht Group;

   d. Posting fraudulent and libelous posts on Instagram and other social media cites;

   e. Demanding that Seakeeper dissolve SYG's Seakeeper dealership;

   f. Posting on social media and making threats of criminal actions against SYG;

   g. Demanding that another vendor install the Seakeeper unit in the Vessel; and

   h. Allegedly purchasing domains and internet assets to attack SYG and its reputation with Seakeeper and other vendors.

6

33.     As a result of these direct actions by Rodolfo Rodriguez-Duret, SYG has been damaged, including but not limited to lost opportunities, loss of profit, lost volume sales, damage to business reputation with Seakeeper, loss of business to other Seakeeper vendors, legal fees and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff STARBOARD YACHT GROUP, LLC prays for entry of judgment against Third-Party Defendant Rodolfo Rodriguez-Duret for all damages so provable, plus costs, prejudgment interest and post judgment interest, and attorneys' fees pursuant to Florida law and maritime law for bad faith and that SYG may have such other and further relief as the cause may require.

### COUNT III - DEFAMATION AGAINST RODOLFO ("RUDY") RODRIGUEZ-DURET

34.     SYG realleges and reaffirms paragraphs one (1) through nine (9) above and further alleges as follows:

35.     SYG sues Third-Party Defendant Rodolfo Rodriguez-Duret for defamation *per se* pursuant to Florida common law.

36.     Rodolfo Rodriguez-Duret on numerous occasions published false and defamatory statements regarding SYG to Seakeeper and to approximately 2,500 third parties following his Buddy Davis Instagram page from February, 2022 to the present.

37.     Such false statements include the Instagram posts attached hereto as **Exhibit "C."**

38.     These posts were knowingly false when made and made to damage the reputation of SYG and its sole member Charles Jake Stratmann. The published statements are libelous *per se* because it charges that a person has committed an infamous crime; and it tends to subject one to hatred, distrust, ridicule, contempt, or disgrace; and it tends to injure one in his trade or profession as a marine repairer and Seakeeper dealer.

39.	Other falsehoods and publications include a February 22, 2022 email to Seakeeper claiming that SYG had received all the money for its work and still did not install the equipment. SYG did not receive funds for its labor and all materials at that point, so that statement was knowingly false.

40.	Rodolfo Rodriguez-Duret made defamatory and slanderous statements published on Instagram June 20, 2022 that SYG utilized improper fiberglass resin, which is knowingly false.

41.	Rodolfo Rodriguez-Duret made defamatory and libelous statements published on Instagram March 31, 2022, to his 2,500+ followers, including that there was a basis for a class action, that it was his intent to mount a slander campaign including $500,000 budget in marketing to attack SYG and sue it for bait and switch tactics all designed with the intent to harm SYG and force it out of business.

42.	All these statements were false and part of an extortion to defame and slander SYG and damage its business, reputation and relationships with the public, customers, and vendors.

43.	As a result of these direct actions by Rodolfo Rodriguez-Duret, SYG has been damaged, including but not limited to lost opportunities, loss of profit, damage to business reputation, loss of business, legal fees, payment for reputation repair and other damages.

WHEREFORE, Defendant/Third-Party Plaintiff STARBOARD YACHT GROUP, LLC prays for entry of judgment against Third-Party Defendant Rodolfo Rodriguez-Duret, for all damages so provable, plus costs, prejudgment interest and post judgment interest, and attorneys' fees pursuant to Florida law and Maritime law for bad faith and that SYG may have such other and further relief as the cause may require.

Respectfully submitted,

/s/ Brandon Bushway
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC.*

/s/ Matthew J. Valcourt
**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email:  mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **July 6, 2022,** the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Brandon Bushway
Attorney

9

**SERVICE LIST**
**CASE NO.: 0:22-cv-60542-KMM**

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*

VERIFICATION

STATE OF FLORIDA

COUNTY OF BROWARD

BEFORE ME, the undersigned authority, personally appeared Charles Stratmann, who was duly sworn and says that he has read the foregoing Verified Complaint filed in this case and is familiar with its contents, which are true to the best of his knowledge, information, and belief. The sources of his information and grounds for his belief are documents attached as exhibits, Starboard Yacht Group LLC's records, and his personal knowledge.

_____
Charles J. Stratmann

SWORN TO AND SUBSCRIBED before me this __6th__ day of July 2022

Signature of Notary Public, State of Florida



_____
Print, Typed or Stamped Commissioned Name of Notary Public

Personally Known__✓___

Produced Identification_____ Type of Identification Produced:

MATTHEW JOHN VALCOURT
Notary Public - State of Florida
Commission # HH 246781
My Comm. Expires Jul 24, 2026
Bonded through National Notary Assn.