UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2022-cv-60542-KMM/LFL

MY BUDDY DAVIS LLC.,

     Plaintiff,

vs.

STARBOARD YACHT GROUP LLC.

     Defendant.

_____

## MOTION TO STRIKE AFFIRMATIVE DEFENSES AND NON-CONTRACT BASED ALLEGATIONS OF COUNTERCLAIM AND DISMISS ALL TORT BASED CLAIMS

COMES NOW, Plaintiff MY BUDDY DAVIS LLC. ("MBD"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. Pro. 12(f) files this Motion to Strike STARBOARD YACHT GROUP LLC.'s ("SYG") Affirmative Defenses 1 – 5, 6, and 8 – 12, and Paragraph 16 (g), (j), (k), and (l) and the request for attorney fees in of SYG's Counterclaim, and for Dismissal of any tort based claims which are incorporated into SYG Counterclaim and for its reasons further states as follows:

### BACKGROUND

The basis for Admiralty and Maritime jurisdiction before this Court arises out of a traditional contractual dispute between a Vessel Owner MBD and a vessel repairer SYG. There are literally hundreds of these kinds of cases filed in Federal Court across the land. The allegations by Plaintiff submit that a contractual agreement was reached between the parties and Defendant failed to hold up his end of the bargain. As is equally common in these causes of action in response Defendant/Counter Plaintiff SYG filed a counterclaim which they entitled as a Breach of a Repair Contract alleging that it complied with its obligations under the contract and MB owes them money

1

for services rendered not paid. Both parties' claims arise out of the same written contract(s). Yet, a review of several allegations set forth by SYG are not defenses to Contract but rather tort based claims. They are randomly interwoven into SYG Counterclaims (Doc 29) and are allegations which are tort based and do not arise out of a contract for the repair of a vessel and therefore should be stricken or dismissed

Affirmative Defenses

SYG's Affirmative Defenses, other than no. 5 and 7, improperly set forth conclusory grievances which do not constitute affirmative defenses to either of MBD's causes of action as a matter of law. SYG's "affirmative defenses" do not consist of affirmative admissions and new allegations showing excuse, justification or some other negating matter as to the claims asserted. Rather, these "affirmative defenses" are directed toward issues that are unrelated to the Breach of Contract and FDUTPA claims asserted, duplicative of the issues raised by SYG in its Third-Party Complaint, and which are otherwise unsupported by ultimate facts. Such legally insufficient and insufficiently plead affirmative defenses are invalid as a matter of law and should accordingly be stricken from SYG's pleading.

## **LEGAL STANDARD**

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rules"), a party may move to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f); *Munoz v. S. Florida Fair & Palm Beach Cnty. Expositions, Inc.*, 22-80029-CIV, 2022 WL 1744013, at *1 (S.D. Fla. May 31, 2022). Additionally, an affirmative defense may be stricken if it is insufficient as a matter of law. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

2

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

## I.  INSUFFICIENT AFFIRMATIVE DEFENSES

An affirmative defense is insufficient as a matter of law where: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Comp. & Repair Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1329 (S.D. Fla. 2011) (a motion to strike may be granted with regard to a defense, or parts of a defense, that has no bearing on the claims asserted in the Complaint). Eliminating legally insufficient defenses early in the proceeding preserves the resources of the court and avoids needless expenditures of time and money by the parties. *FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302 at *2 (S.D. Fla. Aug. 13, 2009).

Statements that allege defects in Plaintiff's respective claims are not affirmative defenses, and accordingly, such statements should be stricken from Defendant's pleading. *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397 at *4 (S.D. Fla. Dec. 4, 2009). Furthermore, affirmative defenses that fail to state how they apply to the claims asserted are deficient and should be stricken. *Cano v. South Florida Donuts, Inc.*, 2010 WL 326052 at *1 (S.D. Fla. Jan. 21, 2010) (vague and ambiguous defenses that do not address any particular count, allegation or legal basis of a complaint should be stricken).

To qualify as an affirmative defense, a statement by Defendant must admit to the complaint, but seek to avoid liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013); *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861, at * 1 (S.D. Fla. Sept. 9, 2008). A defense that addresses a defect in a party's claim or which fails to put the opposing party on notice of the nature of the defense is not a properly asserted affirmative defense. *Id*. Conclusory allegations likewise are insufficient as a matter of law and must be

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

stricken. *Adams*, 294 F.R.D. at 671.

## II.    STRIKING DEFENSES

The following affirmative defenses asserted by SYG are improper as they are legally insufficient and are otherwise conclusory, lacking in supporting factual allegations, and fail to provide Plaintiff with notice as to how each defense applies to Plaintiff's claims, for which reasons they should be stricken:

### A.  First Affirmative Defense (Subject matter jurisdiction)

SYG alleges that all counts of the Amended Complaint lack subject matter jurisdiction pursuant to Admiralty law, even though SYG affirmatively alleges in its Counterclaim that this Court has subject matter jurisdiction pursuant to Admiralty law over its Breach of Contract claim, [ECF 29 p.7 ¶1] which is likewise based on the same maritime boat repair contract. If the SYG is in earnest proffering that there is no subject matter jurisdiction of the Plaintiffs Breach of Contract claim, its Counterclaim must fail as well. In the alternative, if SYG has proffered in good faith that this Court has subject matter jurisdiction over its breach of marine repair contract counterclaim, then its first affirmative defense must fail.

### B.  Second Affirmative Defense (failure to state a claim for Breach of Contract and FDUTPA upon which relief can be granted)

"Failure to state a claim is not an affirmative defense[.]" *Havana Docks Corp. v. Carnival Corp.*, 19-CV-21724, 2022 WL 831160, at *79 (S.D. Fla. Mar. 21, 2022), motion to certify appeal denied, 19-CV-21724, 2022 WL 1522007 (S.D. Fla. May 13, 2022); *see also Falzarano v. Retail Brand All., Inc.*, 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008)("The first affirmative defense at issue, 'Plaintiff's claim fails to state claims for which relief may be granted and therefore be dismissed to the extent that it fails to allege each and every element of the cause of action Plaintiff attempts to raise,' is insufficient, as it does no more than recite the standard for dismissal

under Rule 12(b)(6).") This is nothing more than a simple regurgitation of the rejected legal argument contained in its failed Motion to Dismiss [ECF 11] and is therefore improperly asserted as an affirmative defense and should accordingly be stricken.

### C. Third Affirmative Defense (Unclean Hands)

An Unclean Hands affirmative defense requires "Defendant must demonstrate that Plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Edge Sys. LLC v. Aguila*, 1:14-CV-24517-KMM, 2015 WL 6447502, at *7 (S.D. Fla. Oct. 26, 2015), aff'd in part, 708 Fed. Appx. 998 (Fed. Cir. 2017) (citing *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1332 (S.D. Fla. 2011)). This element nor ultimate facts in support are alleged. None of the conclusory allegations correspond to the Breach of Contract or FDUTPA violation allegations. Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)). Rather SYG refers to alleged conduct that arose not from a breach of a marine repair contract but purportedly followed the accrual of the claims asserted, which are the subject matter of SYG's third party complaint.

### D. Fourth Affirmative Defense (Bad Faith)

Again, the conclusory allegations do not correspond to either claim asserted in the Amended Complaint, but rather address issues raised by SYG in its Third Party Complaint. "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Morrison*, 434 F. Supp. 2d at 1318(citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002)). This "affirmative defense" is irrelevant to the Breach of Contract and FDUTPA claims asserted in the Amended Complaint as these are nothing

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

more than disguised tort allegations which are not defenses to Plaintiff's claim of breach of a maritime contract. Again, these claims are asserted in the Third-Party Complaint as part of those tort claims but are not defenses to Plaintiff's contractual breach of a maritime repair contract.

### E.  Sixth Affirmative Defense (Acts of Third Parties / Superseding Causes)

This is a traditional tort defense, not a breach of contract or FDUTPA defense. Accordingly, it has no possible bearing upon the subject matter of the litigation. Even if it was, it is deficient as no identification of any Third Parties or factual allegation of superseding cause or causes are alleged. *TigerDirect, Inc. v. Manhattan Associates, Inc.*, 05-22591-CIV, 2006 WL 8433453, at *2 (S.D. Fla. Nov. 7, 2006)(This Court struck a similar affirmative defense which vaguely alleged the damages were due to the actions of some third party and failed to give notice of the defense and the grounds for it.); *see also Snyder v. Royal Caribbean Cruises, Ltd.*, 1:20-CV-21429-KMM, 2020 WL 13401895, at *2-3 (S.D. Fla. Nov. 11, 2020).

### F.  Eighth Affirmative Defense (collateral sources)

This is a tort defense, not a breach of contract or FDUTPA defense. This is a defense commonly used in personal injury claims where medical or other insurances are routinely found. "[T]he construction of a principle of tort law known as the collateral source rule." *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295, 1310 (11th Cir. 2020). No identification of any collateral source payments is alleged nor even referenced.

### G.  Ninth Affirmative Defense (Comparative Negligence)

Its title tells it all this is a defense to a negligence claim, not a breach of contract or FDUTPA defense. This "affirmative defense" is irrelevant to the Breach of Contract and FDUTPA claims asserted in the Amended Complaint. A party can breach its contractual obligations, but that does not arise from a negligence. As these two parties are not strangers to each other, but rather parties

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

to a contract. This is the principal difference between a claim based in contract and one in negligence. A negligence-based defense cannot be an affirmative defense to a contractual-based claim.

### H.  Tenth Affirmative Defense (Settlement)

No identification of any settlement which resulted in a recovery of money by Plaintiff is alleged. This vague reference to an unidentified "settlement" is unsubstantiated speculation. Such a hypothetical cannot stand as an affirmative defense. SYG can plead this again in the event that it is able to develop evidence through discovery that this defense could be properly asserted

### I.  Eleventh Affirmative Defense (Release)

No identification of any release of liability signed by Plaintiff has been plead. This is nothing more than a naked assertion at best. It can have no legal significance in a breach of contract claim unless the party to the contract SYG has entered into a Release and that has not been asserted here. Like the Tenth Affirmative Defense, reference to an unidentified Release "if one so exists" is nothing more than unsubstantiated speculation, and such a hypothetical cannot stand as an affirmative defense. SYG can plead this again in the event that it is able to develop evidence through discovery that this defense could be properly asserted.

### J.  Twelfth Affirmative Defense (all of the UCC)

This affirmative is overbroad and impermissibly vague. If there is a provision in the UCC that serves as a defense SYG must identify that provision with specificity. To simply assert that there is a defense in the UCC would be no different from alleging the same with respect to all of "Federal law" as a defense. "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'" *Morrison*, 434 F. Supp. 2d at 1318(citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002)).

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

III.   **IT IS IMPERMISSIBLE TO COMMINGLE TORT ALLEGATIONS, MANY INVOLVING THIRD PARTY UNRELATED TO THE CONTRACT, WITHIN THE CONTEXT OF A BREACH OF A REPAIR CONTRACT CAUSE OF ACTION**

The Counterclaim is entitled Breach of a Repair Contract. [ECF 29, p. 7] It alleges Admiralty and Maritime jurisdiction applies. *Id.* at ¶ 1. The allegations thereafter, for the most part, contain traditional allegations you would see in these kinds of claims, Where the repairer claims compliance with the contract terms and failure to pay for services allegedly rendered. But a closer review shows, as was the case with SYG Affirmative Defenses, an effort, in part, to improperly commingle noncontractual conduct in the guise of contractual breaches:

16.     "MBD breached the contracts as follows with each being a material breach of the contract:
                ***
        g. Acting in bad faith including threatening to destroy SYG and its vendor relations with Seakeeper; . . .
        j. Interfering with SYG's relationship with Seakeeper, attempting to interfere with that contractual relationship and SYG's Seakeeper franchise and dealership;
        k. Publishing falsehoods about the project and SYG;
        l. Use of extortion threats to facilitate settlement"

These are activities, which Plaintiff vehemently denies, but even if they were true simply for argument's sake, they are not part of the breach of a maritime contract. These allegations are clearly the basis for SYG's Third Party Compliant, which claims are based in tort not arising from the repair contract for a vessel. On the contrary, Paragraph 17 of the Counterclaim even implicitly acknowledges that "bad faith" is not a contractual breach by placing the word "and" between "breaches of the contract" and "bad faith."

Similarly, SYG's references to interference with "SYG's relationship with Seakeeper"; "publishing falsehoods" and "use of extortion threats" in paragraph 16 (j), (k), and (l) respectively do not correspond to the alleged terms of the marine repair contract that is the subject matter of Count I of the Counterclaim. Rather, again such alleged conduct corresponds to the claims asserted

by SYG in its Third Party Complaint and therefore are legally impermissible to be woven into a Counterclaim for breach of a maritime contract. It can be argued that these tort based allegations were purposely woven into SYG's Affirmative Defenses and their Counterclaim as an effort to engage in an effort to try and "poison the well" with respect to the  Plaintiff, which respectfully should not be countenanced and allowed to stand.

Attorneys Fees

Additionally, SYG's reference to a claim for attorney fees in paragraph 17 and its request for attorney fees in the prayer for relief in its Counterclaim is unsustainable as SYG does not identify a contractual or statutory basis for recovery of attorney fees in its pleading, absent which attorney fees arising from an alleged Breach of a Maritime Contract are not recoverable. *See Garan Inc. v. M/V Aivik*, 907 F.Supp. 397, 398-401 (S.D.Fla.1995) (fee shifting prohibited in cases governed by maritime law); *Dealers Ins. Co. v. Haidco Investment Enterprises, Inc.*, 638 So.2d 127, 129 (Fla. 3d DCA 1994) (the requesting party must plead the statutory or contractual basis on which that party seeks attorney's fees). The fact that SYG has made such a claim is all the more questionable given the fact that the issue regarding the limited availability for the recovery of attorney's fees in an admiralty claim was already covered in some detail by the Court's Order. *See* [ECF 26 pg. 5-7].

WHEREFORE, Plaintiff MBD respectfully requests this honorable Court to strike SYG affirmative defenses 1 – 5, 6, and 8 – 12, strike paragraph 16 (g), (j), (k), and (l) of the Counterclaim, and strike the request for attorney fees made by SYG in its Counterclaim, along with such other and further relief the Court deems to be appropriate.

## LOCAL RULE 7.1(a)(3) CERTIFICATE STATEMENT

The undersigned counsel for Plaintiff certifies that it conferred with counsel for Defendant in some detail with respect to these issues and understood that Defendant would seriously consider amending those provisions which it believed warranted a change. Despite these comments, Plaintiff never heard back from defense counsel, thus necessitating the filing of this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _11th___ day of _August__, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew J. Valcourt, Esq.** mvalcourt@valcourtlaw.com VALCOURT AND ASSOCIATES LLC. 850 N.E. Third Street Suite 208 Dania Florida 33004 and **Jules V. Massee, Esq**. jmassee@hamiltonmillerlaw.com E-Service: JVMserve@hamiltonmillerlaw.com **Brandon Bushway Esq.** bbushway@hamiltonmillerlaw.com HAMILTON MILLER & BIRTHISEL LLP. 100 S. Ashley Drive, Suite 1210 Tampa, Florida 33602, *Counsel for Starboard,* in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177

BY: _____

Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorneys for: MY BUDDY DAVIS LLC.

8044/MtnStrikeAffirmativeDefenses