UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

      Plaintiff,

vs.                                          CASE NO.: 0:22-cv-60542-KMM

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

      Defendant.

_____

### DEFENDANT STARBOARD YACHT GROUP, LLC'S RESPONSE IN OPPOSITION TO MY BUDDY DAVIS LLC'S MOTION TO STRIKE

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff MY BUDDY DAVIS LLC'S ("MBD") Motion to Strike Affirmative Defenses and Non-Contract Based Allegations of Counterclaim and Dismiss All Tort Based Claims (the "Motion"), and states:

1.      On March 14, 2022, MBD filed this lawsuit against SYG under numerous theories of liability, including breach of maritime contract, violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), negligence, and fraudulent inducement. MBD also demanded a jury trial. *See* Complaint. Following the Court's June 16, 2022, Order on SYG's Motion to Dismiss, on June 22, 2022, MBD filed its Amended Complaint alleging only breach of maritime contract and violation of FDUTPA.

2.      In support of its claims, MBD alleges it contracted with SYG to install various systems on board its vessel, a 74' Buddy Davis (the "Vessel"). *See* Complaint at ¶ 2-3. MBD

alleges, "none of these systems have been installed despite substantial payments made to SYG." *See* Complaint at ¶ 5.

3.      On July 6, 2022, SYG filed its Answer, Affirmative Defenses, and Counterclaim against MBD for Breach of Repair Contract. On the same day, SYG filed its Third-Party Complaint against the Vessel *in rem* for foreclosure of a maritime lien for necessaries/breach of contract, and against the Vessel's beneficial owner Rudy Rodriguez for tortious interference and defamation.

4.      On August 11, 2022, MBD filed the instant Motion, seeking to strike ten of SYG's twelve affirmative defenses and to strike or dismiss portions of SYG's Counterclaim.

5.       MBD alleges that certain affirmative defenses must be stricken; however, SYG's affirmative defenses and Counterclaim are adequately pled and legally sufficient. Accordingly, SYG respectfully requests the Court deny MBD's motion.

<u>**Memorandum of Law**</u>

### I.      Plaintiff's Motion to Strike should be denied.

Court's generally disfavor motions to strike affirmative defenses and they are generally considered a "drastic remedy to be resorted to only when required for the purposes of justice." *All Web Leads, Inc. v. D'Amico*, 18-80571-CV, 2018 WL 6522167, at \*2 (S.D. Fla. Nov. 8, 2018). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.* (*citing Fla. Strawberry Festival, Inc. v. ACE Am. Ins. Co.*, 2014 WL 11762612, at \*1 (S.D. Fla. Feb. 14, 2014)) (internal citations omitted). A court should grant a motion to strike "<u>only </u>when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (emphasis added).

**A.      SYG's Affirmative Defenses are adequately pled and legally sufficient.**

MBD attempts to persuade the Court to adopt the *minority* approach in determining the sufficiency of SYG's affirmative defenses, arguing they are legally insufficient, conclusory, and lacking in supporting factual allegations. It seems MBD's position is that the "heightened pleading standard" set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009), is the standard to be applied to affirmative defenses. Under the heightened pleading standard "an affirmative defense that 'merely offer[s] labels and conclusions or a formulaic recitation of the elements of a cause of action will not do'" because the heightened standard requires a defendant to plead enough factual matter to "raise a right to relief above the speculative level." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (*quoting Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11–CV–337–J–37MCR, 2011 WL 2938467, at *2 (M.D.Fla. July 21, 2011)). However, the heightened pleading standard actually represents the *minority* view regarding the sufficiency of affirmative defenses. *See Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39-PDB, 2014 U.S. Dist. LEXIS 79594, at *6 (M.D. Fla. May 6, 2014) (characterizing application of heightened pleading standard to affirmative defenses as the "minority approach").

Several decisions from the Southern District of Florida have held that a pleading must only state affirmative defenses in "short and plain terms," and that the heightened pleading standard set forth in *Twombly* and *Iqbal* is wholly inapplicable to affirmative defenses. *FAST SRL v. Direct Connection Travel Ltd. Liab. Co.*, 330 F.R.D. 315, 318 (S.D. Fla. 2018); *see also DeCarlo v. Law Offices of Charles W. McKinnon*, 13-14324, 2013 U.S. Dist. LEXIS 197572 (S.D. Fla. Nov. 19, 2013); *Tillis v. Loar*, 13-14160, 2013 WL 12178572 (S.D. Fla. Nov. 13, 2013). Courts adopting the majority view often recognize the sharp distinction between the language of Fed. R. Civ. P.

8(a) (general pleading standards for a complaint) and 8(b)(1)(A) (responsive pleadings and defenses). *See e.g. FAST SRL*, 330 F.R.D. at 318 (recognizing 21-day response period as insufficient time to gather information necessary to include supporting factual allegations); *Decarlo*, 2013 U.S. Dist. LEXIS 197572 at *4 (deciding the *Twombly/Iqbal* standard applies only to party seeking relief); *see also Moore*, 2014 U.S. Dist. LEXIS 79594 at *6 (analyzing difference between pleading provision which requires plaintiff to "show" entitlement to relief, as opposed to affirmative-defense provision merely requiring respondent to "state" defenses). In particular, while Rule 8(a) requires that a party must allege factual allegations to support its claims, Rule 8(b)(1)(A) requires that a party responding to a pleading must only "state in short and plain terms its defenses to each claim asserted against it." *Id.* (*quoting* Fed. R. Civ. P. 8(b)(1)(A)); *see also DeCarlo*, 2013 U.S. Dist. LEXIS 197572 at *4 ("this Court finds the distinction in the language between Federal Rules of Civil Procedure that apply to a complaint (Rule 8(a)) and those that apply to affirmative defenses (Rules 8(b) and (c)) renders the heightened pleading standard of *Twombly* and *Iqbal* inapplicable to affirmative defenses"). Accordingly, SYG's affirmative defenses are adequately pled and should not be stricken.

### a.    SYG's first, sixth, eighth, ninth, tenth and eleventh affirmative defenses

SYG agrees to withdraw its first, sixth, eighth, ninth, tenth, and eleventh affirmative defenses but reserves the right to assert these defenses in the future, as discovery in this matter has just begun. This leaves only SYG's second, third, fourth, and twelfth affirmative defenses in dispute.

### b.    SYG's second affirmative defense

SYG's second affirmative defense raises the defense of failure to state claims under FDUTPA and breach of maritime contract. MBD argues that this affirmative defense is insufficient

and should be stricken because it "does no more than recite the standard for dismissal under Rule 12(b)(6)." However, as discussed *supra*, MBD's argument is premised upon the assumption that the Court will ignore the majority view in favor of the *Twombly* and *Iqbal* heightened pleading standard. Indeed, this standard is inapplicable to SYG's affirmative defenses. Additionally, SYG's second affirmative defense is also not merely a recitation of the Rule 12(b)(6) standard for dismissal. Rather, it sets forth exactly why MBD has failed to meet the necessary federal pleading standard, and accordingly it should not be stricken.

MBD also argues that SYG's second affirmative defense should be stricken because it is not an affirmative defense, but rather merely a recitation of SYG's Motion to Dismiss. However, such an assertion is misplaced as SYG never argued failure to state a breach of contract claim in its Motion to Dismiss. Even if the Court were to find that SYG's second affirmative defense is not a true affirmative defense, "[w]hen this occurs, the proper remedy is not to strike the claim, but instead to treat the claim as a specific denial." *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-CV-28-SPM GRJ, 2010 WL 4736836, at *2 (N.D. Fla. Nov. 16, 2010) (emphasis added). Accordingly, SYG's second affirmative defense should not be stricken.

### c.    SYG's third affirmative defense

SYG's third affirmative defense raises the defense of unclean hands. MBD asserts that this defense should be stricken because SYG has failed to allege MBD's "wrongdoing is directly related to the claim against which it is asserted." To prevail on an affirmative defense of unclean hands a defendant must show first that "plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Freestream Aircraft USA Ltd. v. Chowdry*, 16-CV-81232, 2018 WL 2002419, at *3 (S.D. Fla. Apr. 30, 2018) (*citing Calloway v. Partners Nat. Health Plans*, 986 F.2d 446, 450–51 (11th Cir. 1993)). (internal quotations omitted). Defendant must then show that it was

injured by plaintiff's conduct. *Id*. (citations omitted). Contrary to MBD's assertions, MBD's tortious wrongdoings are directly related to the breach of contract claim. MBD's actions of bad faith, extortion, slander and libel, tortious interference with SYG's business relations, publishing falsehoods about SYG, and intimidating SYG have directly resulted from SYG's alleged breach of the repair contract. Furthermore, SYG's business reputation and its relationships with other vendors have suffered and will continue to suffer due to MBD's actions, including its ongoing social media campaign against SYG. *See Freestream Aircraft USA Ltd. v. Chowdry*, 16-CV-81232, 2018 WL 2002419, at *4 (S.D. Fla. Apr. 30, 2018) (finding that possible tax liability in the future was sufficient for the injury element of an unclean hands affirmative defense). Accordingly, SYG has sufficiently alleged both elements of an unclean hands affirmative defense.

MBD further argues that this defense must be stricken because it does not correspond to MBD's breach of contract or FDUPTA claims, but instead MBD argues that it refers to alleged conduct that makes up the basis for SYG's Third-Party Complaint. As discussed further *infra*, the conduct giving rise to SYG's Counterclaim is entirely independent from the conduct giving rise to the claims in SYG's Third-Party Complaint against the Vessel *in rem* and the Vessel's beneficial owner Mr. Rodriguez. As such, MBD's unsupported assertion is misplaced.

Lastly, MBD argues that this defense should be stricken because it is conclusory and SYG failed to allege ultimate facts in support of this defense. For the reasons discussed *supra*, this defense should not be stricken because it is stated in short and plain terms, it satisfies the standards for pleading an affirmative defense, is legally sufficient, and does not prejudice MBD.

### d.    SYG's fourth affirmative defense

MBD again argues that this affirmative defense should be stricken because it is conclusory and does not respond to an allegation in the Complaint. For the reasons discussed *supra*, this

defense should not be stricken because it is stated in short and plain terms, it satisfies the standards for pleading an affirmative defense, is legally sufficient, and does not prejudice MBD.

### e. SYG's twelfth affirmative defense

SYG's twelfth affirmative defense raises the defense of all available defenses under the UCC, including MBD's failure to allow SYG to cure any alleged nonconformities. MBD again argues that this affirmative defense should be stricken because it is conclusory. This affirmative defense is not baseless or conclusory as MBD prevented SYG from curing any alleged breach of contract by preventing SYG from accessing the Vessel on the day of the scheduled install of the purchased components. Thus, for the reasons discussed *supra*, this defense should not be stricken because it is stated in short and plain terms, it satisfies the standards for pleading an affirmative defense, is legally sufficient, and does not prejudice MBD.

To the extent the Court finds this or any other this affirmative defense insufficient, MBD respectfully requests the opportunity to amend accordingly.

### II. Counterclaim

MBD moves to strike Paragraphs 16 (g), (j), (k), and (l) and the attorneys' fees request of SYG's Counterclaim. MBD also moves to dismiss the tort based claims in SYG's Counterclaim, which includes the same section MBD seeks to strike. From its Motion, it is unclear whether MBD seeks to *strike* or *dismiss* SYG's Counterclaim; regardless, neither is appropriate. Although MBD's Motion vaguely mentions dismissal, MBD sets forth no authority in support thereof. MBD's prayer for relief is also devoid of any request for dismissal. In the event the Court were to construe the Motion as a motion to dismiss, dismissal is not appropriate because SYG's Counterclaim is sufficiently pled and comports with the federal notice pleading requirements.

### A.      Legal standard

"It is well recognized that motions to dismiss prior to discovery are disfavored." *Jackson v. Bessemer Police Dep't*, No. 2:09-CV-0919-SLB, 2010 WL 11565834, at \*5 (N.D. Ala. Jan. 11, 2010). Furthermore, granting a motion to dismiss is a "harsh remedy" and must be carefully considered, "both to effectuate the spirit of the liberal rules of pleading and to protect the interests of justice." *Carlson v. U.S. ex rel. U.S. Postal Serv.*, 248 F. Supp. 2d 1040, 1043 (N.D. Okla. 2003). "A complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of its allegations." *Seymour v. Union News Co.*, 217 F.2d 168, 171 (7th Cir. 1954) (emphasis added).

To survive a motion to dismiss, a claim need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" meaning that it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 127 S.Ct. 1955 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the plaintiff. *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1270 (11th Cir. 2016). The question is not whether the claimant "will ultimately prevail … but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011).

### B.      SYG's Counterclaim against MBD for breach of contract is sufficiently pled and should not be stricken or dismissed.

To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (citing FED. R. CIV. P. 8). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

The Court should deny MBD's Motion because SYG's Counterclaim is adequately pled. "It is well-established that a contract ... to repair a vessel is a federal maritime contract." *F.W.F., Inc. v. Detroit Diesel Corp.*, 308 Fed. Appx. 389, 391 (11th Cir. 2009). The elements of a breach of contract claim under Florida law and admiralty law are the same: "a plaintiff must prove (1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005) (citations omitted). By alleging that SYG and MBD entered into a contract for marine repair services, that MBD breached the contract by failing to pay for the services rendered, and by providing a reasonable calculation of the damages suffered, SYG has sufficiently pled its cause of action.

Specifically, SYG's Counterclaim alleges factual allegations demonstrating that a valid and enforceable maritime agreement existed between SYG and MBD to fabricate and modify the Vessel and install a Seakeeper stability system, a Humphree Stabilizer system, an Optimus steering system, and other work on a time and material billing basis. This agreement was memorialized in writing as denoted by the signed estimates, wherein MBD agreed to pay in full for the services outlined therein. MBD breached the agreement by failing to pay for the services rendered by SYG, as outlined and agreed upon in the agreement. Accordingly, SYG's Counterclaim is not baseless and comports with the federal notice pleading standard, because MBD has been put on notice of the claims against it. Thus, MBD's Motion should be denied.

C.     **The tortious elements of SYG's Counterclaim arise out of the same transaction or occurrence as the breach of contract issue in this case and are not the proper subject of a Rule 12(f) motion to strike.**

Rule 12 provides that a court "may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. R. 12(f). Used in this context, "immaterial" means that the matter has no bearing on the controversy before the court. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994). "Impertinent" means allegations that are not responsive or irrelevant to the issues that arise in the action and which are inadmissible as evidence. *Id*.

MBD argues that the Court should strike or dismiss allegations in SYG's Counterclaim which are tort based, including Paragraphs 16 (g), (j), (k), and (l) on the grounds that they are baseless, immaterial, impertinent, and unrelated to the terms of a breach of maritime contract. MBD's argument is devoid of supporting legal authority; indeed, SYG's allegations directly relate to MBD's ongoing smear campaign against it, as well as MBD's interference with SYG's vendor relations, MBD's publishing of falsehoods directly relating to the repair project, and its use of extortion and threats. Moreover, these allegations arise out of the same transaction or occurrence set forth in MBD's breach of contract claim. As such, the Court should deny MBD's Motion.

D.     **SYG's inclusion of tortious elements in its Counterclaim does not warrant dismissal, since the tortious acts exist independently of the events outlined in SYG's Third-Party Complaint.**

MBD argues that any tort based claims incorporated into SYG's Counterclaim must be dismissed and Paragraphs 16 (g), (j), (k), (l), must be stricken because they are an improper attempt to "commingle noncontractual conduct in the guise of contractual breaches." MBD cites no authority in support of this proposition. Instead, MBD argues the tort based claims must be stricken or dismissed because they are not part of the breach of maritime contract, but rather "are clearly

the basis for SYG's Third-Party Complaint, which claims are based in tort not arising from the repair contract for a vessel." While SYG has brought claims against the Vessel *in rem* and against the Vessel's beneficial owner Mr. Rodriguez in its Third-Party Complaint, SYG's Counterclaim exists independently against the Vessel's owning entity, MBD. Although SYG's Third-Party Complaint and Counterclaim both involve tort claims, SYG has asserted separate and distinct causes of action against MBD for its own actions. More specifically, SYG's Counterclaim stems directly from MBD's attempts to affect SYG's business dealings, vendor relations, and reputation. SYG's Third-Party Complaint, however, stems from Mr. Rodriguez's separate and independent acts of tortious interference and defamation. Additionally, this case is still in its infancy, the parties have only recently exchanged initial disclosures, and no depositions have been taken. Accordingly, the Court should deny MBD's Motion.

**E.      SYG's request for attorneys' fees is proper and must not be stricken.**

MBD asserts that SYG's request for attorneys' fees is improper because attorneys' fees in a breach of maritime contract are not recoverable absent a contractual or statutory basis for recovery of fees in the pleading. However, attorneys' fees are recoverable in admiralty cases when the "nonprevailing party acted in bad faith in the course of litigation." *See Natco Ltd. Partn. v. Moran Towing of Fla., Inc.*, 267 F.3d 1190 (11th Cir. 2001) (citations omitted). Here, MBD has continued its smear campaign against SYG during the litigation, including posting on social media. As such, SYG's request for attorneys' fees is proper and shall not be stricken because MBD has acted in bad faith throughout the litigation.

**F.      In the event the Court finds that SYG's Counterclaim is not sufficiently pled or is unclear, dismissal is not the appropriate remedy.**

The proper remedy of an insufficiently pled complaint is amendment and not dismissal. *See* Fed. R. Civ. P. 15(a) (providing that "a party may amend a Complaint only by leave of court

or by consent of opposing parties, and "leave shall be freely given when justice so requires," after a responsive pleading has been filed."). In the event this Court finds that SYG's Counterclaim is unclear or insufficiently pled, SYG respectfully requests this Court grant SYG leave to amend its Counterclaim.

<u>Conclusion</u>

WHEREFORE, SYG respectfully requests that the Court deny MBD's Motion to Strike Affirmative Defenses and Non-Contract Based Allegations of Counterclaim and Dismiss All Tort Based Claims. If necessary, SYG requests the opportunity to amend its Affirmative Defenses and Counterclaim, and any further relief the Court deems just and proper.

Respectfully submitted,

*/s/ Brandon Bushway*
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC.*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email:  mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **August 25, 2022,** the foregoing document is being served on all counsel of record or *pro se* parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Brandon Bushway*
Attorney

## SERVICE LIST
## CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*