UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2022-cv-60542-KMM/LFL

MY BUDDY DAVIS LLC.,

      Plaintiff/Counter-Defendant,

vs.

STARBOARD YACHT GROUP LLC.

      Defendant/Counter-Plaintiff.

_____/

STARBOARD YACHT GROUP LLC.

      Third Party Plaintiff,

vs.

ONE 74' BUDDY DAVIS SPORTFISH
VESSEL, ITS ENGINES, TACKLE, MACHINERY,
COMPONENTS, TOOLS, RIGGING, GEAR,
BOATS, APPURTENANCES, etc.

and

RODOLFO RODRIGUEZ-DURET
      Third Party Defendants.

_____/

## MBD'S REPLY TO SYG'S RESPONSE TO MOTION TO STRIKE AFFIRMATIVE DEFENSES AND NON-CONTRACT BASED ALLEGATIONS OF COUNTERCLAIM AND DISMISS ALL TORT BASED CLAIMS

COMES NOW, Plaintiff MY BUDDY DAVIS LLC. ("MBD"), by and through its undersigned attorneys and files its Reply to STARBOARD YACHT GROUP LLC ("SYG") Response in Opposition to MBD's Motion to Strike SYG Affirmative Defenses 1 – 5, 6, and 8 – 12, and Paragraph 16 (g), (j), (k), and (l) and the request for attorney fees in of SYG's Counterclaim, and for Dismissal of any tort based claims which are incorporated into SYG Counterclaim, as follows:

1

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

**SYG has withdrawn Affirmative Defenses numbered 1, 6, 8, 9, 10 and 11**

SYG has confirmed in its Response that Affirmative Defenses 1, 6, 8, 9, 10 and 11 are withdrawn. Accordingly, the remaining Affirmative Defenses in dispute are 2, 3, 4, and 12. While SYG argues Affirmative Defenses 2, 3, 4, and 12 are properly asserted, SYG has not contested or distinguished the caselaw cited in MDB's Motion and has otherwise failed to rebut MBD's demonstration that affirmative defenses 2, 3, 4, and 12 fail to qualify as affirmative defenses, as further explained below.

> **Second Affirmative Defense (failure to state a claim for Breach of Contract and FDUTPA upon which relief can be granted)**

SYG does not contest the Southern District of Florida decisions cited in MBD's Motion which hold that SYG's "Failure to state a claim" is not an affirmative defense. See, *Havana Docks Corp. v. Carnival Corp.*, 19-CV-21724, 2022 WL 831160, at *79 (S.D. Fla. Mar. 21, 2022), motion to certify appeal denied, 19-CV-21724, 2022 WL 1522007 (S.D. Fla. May 13, 2022); *see also Falzarano v. Retail Brand All., Inc.*, 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2008).

To the contrary, SYG concedes that "Failure to State a Claim" is not an affirmative defense, citing to *Bartram, LLC v. Landmark Am. Ins.*, 2010 WL 4736836 (N.D. Fla. Nov. 16, 2010)(which held that failure to state a claim is not an affirmative defense). By citing to *Bartram*, SYG is suggesting to the Court that its "failure to state a claim" proffer has been mislabeled as an affirmative defense, and that instead of striking it the Court should instead relegate the proffer to a general denial of Counts I and II of the Amended Complaint.

MBD submits that an insufficient affirmative defense should be stricken, see, Morrison v. Exec. Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) (any insufficient defense may be stricken from any pleading. Fed.R.Civ.P. 12(f)."), and as SYG's affirmative

defense no. 2 is indisputably insufficient it may properly be stricken.  That said, to the extent the Court alternatively chooses to treat affirmative defense no. 2 as a general denial of the claims asserted (which is a redundancy given that SYG has denied the allegations made in both counts in its Answer), MBD does not contest that it is within the Court's discretion to do so, but reiterates that "failure to state a claim" cannot stand as an affirmative defense and therefore an Order should issue either striking affirmative defense no. 2 or expressly deeming it a general denial of Counts I and II.

### Third Affirmative Defense (Unclean Hands)

The Unclean Hands affirmative defense does not identify any conduct that would excuse SYG for liability for its breach of contract and FDUTPA duties. Instead, the basis for SYG's Unclean Hands contention is conduct that purportedly occurred after SYG breached the marine repair contract, referenced in SYG's third party complaint against the vessel and its owner.  Such conduct, which allegedly occurred after the contractual breach and allegedly arising from a separate transaction or occurrence is not directly related to the claims against which it is asserted and thus does not support an Unclean Hands affirmative defense.  See, *Edge Sys. LLC v. Aguila*, 1:14-CV-24517-KMM, 2015 WL 6447502, at *7 (S.D. Fla. Oct. 26, 2015), aff'd in part, 708 Fed. Appx. 998 (Fed. Cir. 2017) (citing *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1332 (S.D. Fla. 2011)).

SYG suggests that the allegations of wrongdoing asserted against the vessel owner in the third party complaint are entirely independent from the conduct giving rise to its counterclaim, however a review of those allegations reveals nothing demarcating the two. The conduct identified as the basis for the Unclean Hands affirmative defense is tied to the conduct identified as the basis for the third party claims and no distinction is made in SYG's pleadings in that regard.  The Unclean

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

Hands affirmative defense is directly related to the tort claims asserted in the third party complaint, which do not correspond to contractual duties, and is not directly related to the breach of contract and FDUTPA claims asserted in the Amended Complaint, as such conduct purportedly occurred after those claims had already accrued.

SYG cites no legal authority supporting the proposition that alleged tortious conduct occurring after contractual and FDUTPA breaches constitutes a legal excuse for such contractual and FDUTPA breaches. Alleged slander, tortious interference, etc. are not defenses to a separate and independent breach of contract claim. Accordingly, the 3rd Affirmative Defense of SYG, Unclean Hands, should be stricken as it is not directly related to the claims against which it seeks to be asserted.

**Fourth Affirmative Defense (Bad Faith)**

Again, the tort claims asserted in SYG's Third Party Complaint, which are the basis for SYG's Fourth Affirmative Defense "Bad Faith", are not affirmative defenses to the Breach of Contract and FDUTPA claims asserted against SYG in the Amended Complaint. Alleged bad faith conduct following SYG's breach of the marine repair contract, which is the basis for SYG's separate and independent tort claims against third parties, is irrelevant to the Breach of Contract and FDUTPA claims asserted in the Amended Complaint. Alleged conduct supporting tort claims against Third-Party defendants are not defenses to Plaintiff's contractual breach of a maritime repair contract, accordingly SYG's 4th Affirmative Defense, Bad Faith, should be stricken as a matter of law. *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D. Fla. 2002)).

4

**Twelfth Affirmative Defense (all of the UCC)**

Neither SYG's affirmative defense no. 12 nor its Response identifies any specific provision of the Uniform Commercial Code ("UCC") which it contends is an affirmative defense to the claims asserted.  Instead, SYG merely indicates that affirmative defense no 12 is sufficient to support a UCC defense based on "MBD's failure to allow SYG to cure any alleged non-conformities".

The specific provision of the UCC as codified in Florida relied upon by SYG in affirmative defense no. 12 is not clarified in the Response.  Presumably, SYG is referring to **Fla. Stat. 672.508 Cure by seller of improper tender or delivery; replacement,** which provides as follows:

(1)    Where any tender or delivery by the seller is rejected because nonconforming and the time for performance has not yet expired, the seller may seasonally notify the buyer of his or her intention to cure and may then within the contract time make a conforming delivery.

(2)    Where the buyer rejects a nonconforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he or she seasonally notifies the buyer have a further reasonable time to substitute a conforming tender.

To the extent Affirmative Defense No. 12 is based on Fla. Stat. 672.508, it must fail as a matter of law as No. 12 does not allege the elements of this statute or otherwise represent that SYG reasonably notified MBD of its intention to cure non-conformities.

Furthermore, as no other aspect of the UCC is identified or addressed, to the extent Affirmative Defense No. 12 were to be permitted, with or without amendment, the affirmative defense should be limited to Fla. Stat. 672.508, and SYG's reference to "all affirmative defenses available under the Uniform Commercial Code" should be stricken as SYG should not be left to guess what other additional sections of the UCC, SYG may be relying upon as defenses to the claims asserted. See, *Morrison*, 434 F. Supp. 2d at 1318(citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002) ("Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'")

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

**THE COUNTERCLAIM IMPERMISSIBLY COMMINGLES TORT ALLEGATIONS INVOLVING THIRD PARTIES WITHIN ITS BREACH OF A REPAIR CONTRACT CAUSE OF ACTION**

The Counterclaim contains a single Count, Breach of a Marine Repair Contract, subject to Admiralty jurisdiction. Among the allegations of breach, however, are references to noncontractual conduct that is the subject matter of third party claims that do not correspond to contractual duties identified in the Counterclaim. Specifically, the purported "contractual breaches listed in paragraph 16 of the Counterclaim include the following:

g. Acting in bad faith including threatening to destroy SYG and its vendor relations with Seakeeper; . . .
j. Interfering with SYG's relationship with Seakeeper, attempting to interfere with that contractual relationship and SYG's Seakeeper franchise and dealership;
k. Publishing falsehoods about the project and SYG;
l. Use of extortion threats to facilitate settlement"

MBD denies these allegations, but even if they were true, they are not breaches of contractual duties but rather alleged tortious conduct identified in SYG's third party complaint, which are separate and independent from the Counterclaim breach of contract claim.

SYG's references to interference with "SYG's relationship with Seakeeper"; "publishing falsehoods" and "use of extortion threats" in paragraph 16 (j), (k), and (l) respectively do not correspond to the any alleged terms of the marine repair contract that is the subject matter of Count I of the Counterclaim but rather correspond to the tort claims asserted by SYG in its Third Party Complaint.

SYG knows this. Its intention is not to seriously premise its breach of contract claim on allegations of tortious activity that is not governed by the subject contract. Rather, such allegations are a gratuitous attempt to frame MBD in a bad light to improperly influence the Court in its consideration of the merits of the Breach of Contract claim asserted against SYG, an inappropriate litigation tactic that is lacking in good faith, and which should not be condoned by the Court.

6

**ATTORNEY FEES ARE NOT PROPERLY PLEAD**

SYG improperly demands attorney fees in paragraph 17 and its prayer for relief.  The Counterclaim does not identify any contractual or statutory basis for an award of attorney fees, however, instead it simply makes a vague reference to "bad faith" by MBD, which is not sufficient to justify an attorney fee demand.  See, *Dealers Ins. Co. v. Haidco Investment Enterprises, Inc.*, 638 So.2d 127, 129 (Fla. 3d DCA 1994) (the requesting party must plead the statutory or contractual basis on which that party seeks attorney's fees); *Garan Inc. v. M/V Aivik*, 907 F.Supp. 397, 398-401 (S.D.Fla.1995) (fee shifting prohibited in cases governed by maritime law); *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed. 88 (1962)( attorney fees not available based on bad faith absent specific allegations demonstrating that a party has acted in bad faith).

SYG admits in its Response that its request for attorney fees is not based on any contractual provision or pursuant to statute.  Instead, it argues that its attorney fee demand is proper because attorney fees are recoverable from a non-prevailing party who acted in bad faith in the course of litigation.  Yet the Counterclaim does not contain any specific allegations of bad faith.  The Response, by contrasts, indicates that the bad faith referred to in the Counterclaim is unspecified social media postings by MBD after suit was filed.  No caselaw supporting a demand for attorney fees based on social media postings is cited by SYG, and none has been found.

SYG instead cites to dicta in Natco Ltd. Partn. v. Moran Towing of Florida, 267 F.3d 1190 (11th Cir. 2001), a case in which contractual attorney fees (not "bad faith" attorney fees) were awarded.  The *Natco* dicta is simply a reference to the possibility of attorney fees being available to a non prevailing party who acted in bad faith in the course of litigation, the *Natco* court citing to *Noritake Co. v. M/V Hellenic Champion,* 627 F.2d 724, 730 n. 5 (5th Cir. 1980), which in turn

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

cited to *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed. 88 (1962).  In Vaughn, the U.S. Supreme Court explained that discretion to award attorney fees is permissible *only when specific allegations are made* demonstrating that a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons"(emphasis added)[1].  SYG's Counterclaim contains no specific allegations demonstrating bad faith in this litigation and does not and cannot identify MBD as a non-prevailing party. The attorney fee demand is insufficient and otherwise pre-mature and is furthermore based on the same conduct which allegedly gives rise to a finding of liability, which is not permissible. See, Towerridge, Inc. v. T.A.O., Inc., 111 F.3d 758 (10th Cir. 1997) (no fee-shifting is allowed for bad faith in the acts giving rise to the substantive claim).  Accordingly, SYG's demand for attorney fees is immaterial and should be stricken as a matter of law. See, Wesolak v. Wesolak, 2:19-cv-463 (M.D. Fla. 2020) (striking unsupported demand for attorney fees contained in prayer for relief of Complaint asserting breach of contract cause of action ); Castillo v Progressive Ins., 3:19cv1628 (M.D. Pa. 2019) (same).

WHEREFORE, Plaintiff / Counterdefendant MBD respectfully requests this honorable Court enter an Order that: 1) SYG affirmative defenses 1, 6, 9, 10 and 11 are withdrawn; 2) SYG affirmative defenses 2, 3, 4, and 12 are stricken; 3) paragraphs 16 (g), (j), (k), and (l) of the Counterclaim are stricken; and 4) the demand for attorney fees made by SYG in its Counterclaim is stricken, along with such other and further relief the Court deems to be appropriate.

---

[1] In *Vaughn v. Atkinson*, attorney's fees based on bad faith were awarded to a seaman for his employer's failure to respond to a claim for maintenance and cure, the Supreme Court emphasizing the equitable nature of the Plaintiff seaman's claim and finding that the employer's callous attitude in not even making an investigation into the claim forced the seaman to hire an attorney to get what was plainly owed him under laws that are centuries old. The circumstances of Vaughn are not even tenuously analogous to the unspecified social media postings referenced in SYG's Response in the case at bar.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _30ᵗʰ____day of _August__, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew J. Valcourt, Esq.** mvalcourt@valcourtlaw.com VALCOURT AND ASSOCIATES LLC. 850 N.E. Third Street Suite 208 Dania Florida 33004 **Jules V. Massee, Esq**. jmassee@hamiltonmillerlaw.com E-Service: JVMserve@hamiltonmillerlaw.com and **Brandon Bushway Esq.** bbushway@hamiltonmillerlaw.com HAMILTON MILLER & BIRTHISEL LLP. 100 S. Ashley Drive, Suite 1210 Tampa, Florida 33602, *Counsel for Starboard*, **Scott D. Ponce, Esq.** **sponce@hklaw.com Holland & Knight LLP,** 701 Brickell Avenue, Suite 3300, Miami, Florida 33131, *Counsel for Rodolfo Rodriguez-Duret,* in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

BLANCK & COOPER, P.A.
5730 S.W. 74ᵗʰ Street, Suite #700
Miami, Florida  33143
Phone:  (305) 663-0177

BY: _____
Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorneys for: MY BUDDY DAVIS LLC.

8044/ReplyMtnStrikeAffirmativeDefenses