UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 2022-cv-60542-KMM/LFL

MY BUDDY DAVIS LLC.,

    Plaintiff,

vs.

STARBOARD YACHT GROUP LLC.

    Defendant.

_____

## PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY REQUESTS BY DEFENDANT

COMES NOW, Plaintiff MY BUDDY DAVIS LLC. ("MBD"), pursuant to Fed.R.Civ.P. 37 and S.D.Fla. L.R. 7.1, moves for the entry of an order compelling relief for Defendant's evasive and incomplete responses and unfounded objections served in response to Plaintiff's First Request for Production of Documents and in support thereof states:

## BACKGROUND

The basis for Admiralty and Maritime jurisdiction before this Court arises out of a traditional contractual dispute between a Vessel Owner MBD and a vessel repairer STARBOARD YACHT GROUP LLC. ("SYG"). Plaintiff propounded the initial Request for Production to SYG on August 30, 2022. On October 11, 2022, SYG responded with numerous boilerplate objections containing incomplete and evasive answers, which directly disregarded this Court's Discovery Practices and Procedures. Per Local Rule 7.1 (a)(3) on October 12, 2022, Plaintiff's Counsel emailed Defense Counsel listing each deficient response and citing case law directly from this Court's Discovery Practices and Procedures that disapprove of Defendant's responses. *See* Plaintiff Counsel's 10/12/2022 Email attached as Exhibit A. Also included in that email was a

1

request for scheduling a conference call to further confer on the Defendant's discovery Responses. *Id.* On October 21, 2022, Plaintiff and Defense Counsel spoke over the phone and reviewed each of the deficiencies in the Responses. The conference call was seemingly productive and it was Plaintiff Counsel's understanding that an agreement had been made with the caveat that Defense Counsel couldn't officially agree until conferring with Co-Defense Counsel. On November 4, 2022, Defendant filed Amended Responses to Plaintiff's First Request for Production. *See* Defendant's Amended Responses to Plaintiff's Request for Production attached as Exhibit B. Plaintiff seeks to compel responses to Request Nos. 1, 2, 3, 4, 5, and 17.

## **LEGAL STANDARD**

"Federal Rule of Civil Procedure 26(b), which governs the scope of discovery, provides, in pertinent part, that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case....'" *Plain Bay Sales, LLC v. Gallaher*, 2021 WL 3270101, at *1 (S.D. Fla. July 29, 2021); *see also Mazpule v. Xenios Corp.*, 2021 WL 2515685, at *1 (S.D. Fla. June 19, 2021). "Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). "An objection that a discovery request is irrelevant or 'not reasonably calculated to lead to admissible evidence' is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1)." *TIKD Services LLC v. Florida Bar*, 2017 WL 6763946, at *3 (S.D. Fla. Nov. 9, 2017). Objections which simply state that a request is "vague, overly broad, or unduly burdensome" are meaningless and without merit if there is no proper explanation. *Guzman v.*

2

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

*Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008). Parties should not make nonspecific, boilerplate objections on the basis of overbreadth or privilege. *Id.*

## ARGUMENT

In its Amended Complaint, Plaintiff filed claims against Defendant for (1) breach of maritime contract; and for (2) engaging in deceptive and unfair trade practices under Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), pursuant to Fla. Stat. § § 501.201. [ECF 27]. Plaintiff alleges that these claims arise from Defendant's actions before and during the installation of the Seakeeper, Humphree, and Optimus (collectively referred herein as "Equipment") aboard the My Buddy Davis (the "Vessel"). Plaintiff contends that the documents sought are relevant to show Defendant's conduct in inducing Plaintiff to enter into agreements for the installation of Equipment even though the Equipment was incompatible without making significant changes to the Vessel.

The withheld information and materials are directly linked to the liability in this matter. Defendant's use of boilerplate objections hinders Plaintiff's ability to conduct discovery and undermines the process of justice. Defendant's legally unfounded objections, vague responses, and decision to be its own arbiter of relevant discovery prevents Plaintiff from discovering basic, relevant information and materials needed to prove its case. Additionally, Defendant has cited attorney-client privilege and work-product throughout its responses but has failed to provide a log, which "do[es] not comply with the Local Rules." *Mazpule*, 2021 WL 2515685, at *2. "An improperly asserted claim of privilege is no claim of privilege at all." *Kaplan v. Nautilus Ins. Co.*, 2019 WL 12265673, at *3 (S.D. Fla. Mar. 17, 2019) (citing *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011)). The Court should compel better responses to the discovery as explained herein.

3

**I.    SYG's Amended Responses to Plaintiff's Request for Production Nos. 1, 2, 3, and 17**

The burden is on the objecting party to demonstrate with specificity how the objected-to request is unreasonable or unduly burdensome. *Rivera v. 2K Clevelander, LLC*, No.16-21437-CIV, 2017 WL 549615, at * 1 (S.D. Fla. Feb. 22, 2017) (citing *Rossbach v. Rundle*, 128 F.Supp. 2d 1348 (S.D. Fla. 2000)). Boilerplate objections and generalized responses are improper. *Id.* (citing *Alhassid v. Bank of America*, 2015 WL 1120273, at *2 (S.D. Fla. March 12, 2015)). Objections which simply state that a request is "vague, overly broad, or unduly burdensome" are meaningless and without merit. *Guzman*, 249 F.R.D. at 400; *Sream, Inc. v. Hassan Hakim & Sarwar, Inc.*, 2017 WL 878704, at * 1-2 (S.D. Fla. March 23, 2017).

The responses to Plaintiff's Request for Production Nos. 1, 2, 3, and 17 are examples of mere boilerplate formulaic objections, which "are improper, meaningless, and without merit." *Mazpule*, 2021 WL 2515685, at *1. Judges in this district typically condemn boiler objections. *E.g., Demarzo v. Healthcare Tr. of Am., Inc.,* 2021 WL 6693755, at *4 (S.D. Fla. Apr. 7, 2021); *Guerrero v. Apple Computer, Inc.,* 2019 WL 1333735, at *2 (S.D. Fla. Feb. 12, 2019); *Alhassid,* 2015 WL 1120273, at *2; *Adelman v. Boy Scouts of America*, 276 F.R.D. 681, 688 (S.D.Fla.2011); *Benfatto v. Wachovia Bank, N.A.*, 2008 WL 4938418, at *2 (S.D.Fla.Nov.19, 2008). Each objection is identical except for Amended Response No. 17, where Defendant adds the duplicative[1] objection of scope. *See* Exhibit B, at No. 17. The first line of the first section of this Court's Discovery Practices and Procedures admonishes that the parties "not make nonspecific boilerplate objections." Nevertheless, Defendant has doubled down on making these boilerplate objections.

The Court's Discovery Practices and Procedures further orders that the objecting party must explain the specific and particular way in which a request is vague, overly broad, or unduly

---

[1] Defendant objected to scope twice in the same Amended Response.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

burdensome, and secondly, that the party objecting based on vagueness shall attempt to obtain clarification prior to objecting on this ground. On the October 21, 2022 call, Plaintiff's counsel explained the basis for each of these Requests and how they are relevant to this litigation. Regardless of Plaintiff's counsel's explanations, Defendant reiterated its same generic objections. "Objections stating that a discovery request is 'vague, overly broad, or unduly burdensome' are meaningless." *Demarzo*, 2021 WL 6693755, at \*4 (citing *Guzman*, 249 F.R.D. at 400). "[R]elevancy objections stating that information is 'not reasonably calculated to lead to the discovery of admissible evidence' are 'borderline frivolous' and 'tantamount to no objection being raised at all.'" *Demarzo*, 2021 WL 6693755, at \*4 (citing *Rivera v. 2K Clevelander*, LLC, 2017 WL 5496158, at \*4 (S.D. Fla. Feb. 22, 2017)). "An objection that a discovery request is irrelevant or 'not reasonably calculated to lead to admissible evidence' is an outdated type of objection, as that language no longer defines the scope of discovery under Federal Rule of Civil Procedure 26(b)(1)." *TIKD Services LLC*, 2017 WL 6763946, at \*3. Defendant has included generalized objections without any explanation as to what is vague, overbroad, not likely to lead to the discovery of admissible evidence, and outside of the scope. Therefore, this Court should compel Defendant to properly respond to the Requests.

Defendant then goes on to reiterate that "Plaintiff's request is tantamount to an unwarranted 'fishing expedition' into matters that are outside the scope of permissible discovery." *See* Exhibit B at Nos. 1, 2, 3, and 17. "[T]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case," and, while subject to relevance, undue burden, overbreadth, and privilege limitations, "the Rules ... permit fishing for evidence as they should." *AIG Centennial Ins. Co. v. O'Neill*, 2010 WL 4116555, at \*3 (S.D.Fla. Oct. 18, 2010) (internal citations omitted). Defendant makes a

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

baseless claim that Plaintiff is Plaintiff engaged in a "fishing expedition." This is a false allegation, as Plaintiff's discovery requests are directly within the scope and related to the installation of the Equipment on the Vessel. *See Adelman v. Boy Scouts of Am.,* 2011 WL 1930427, at *4-5 (S.D. Fla. May 19, 2011).

Plaintiff's Counsel's effort to resolve the issues on October 21, 2022, limited the discovery requests to those documents in effect during the time period of installation of the Equipment on the Vessel. In Amended Response No. 17, Defendant even admits that the scope "is to be limited to this specific Buddy Davis project." *See* Exhibit B at No. 17. Nevertheless, Defendant doubled down on its objection and even objected to scope twice in Amend Response No. 17. *Id.* Plaintiff is merely seeking documents that are related to the Equipment that was intended to be installed in the Vessel. This is well within the scope of discovery for a case based upon issues with installing Equipment aboard a vessel. It is unclear how it is objectionable to ask for the receipts of the Equipment that MBD contracted with SYG to install in the Vessel.

Lastly, Defendant states that these "Request[s] seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace." *See* Exhibit B at Nos. 1, 2, 3, and 17. "A party seeking to shield its trade secrets or other commercial information must establish that the information to be protected is a trade secret, that it is confidential, and that its disclosure might be harmful." *Estridge v. Target Corp.*, 2012 WL 527051, at *7 (S.D. Fla. Feb. 16, 2012). Defendant has not requested a protective order permitting it to withhold discovery on the grounds of "trade secret" nor has Defendant shown good cause for one. Moreover, Defendant has failed to demonstrate what documents are withheld nor

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

the alleged documents, in fact, contain trade secrets or other confidential business information. Defendant's withholding of documents based on trade secrets only alleges that the disclosure "**could** negatively impact SYG." *See* Exhibit B at Nos. 1, 2, 3, and 17 (emphasis added). This is reminiscent of Defendant's other objections, which lack substance to support them.

## II.     SYG's Amended Responses to Plaintiff's Request for Production Nos. 4 and 5

In Amended Responses Nos. 4 and 5, Defendant states, "Other than warranty work/claims and Plaintiff's Complaint, none." *See* Exhibit B at Nos. 4 and 5. Here, Defendant is admitting to having documents consisting of warranty work/claims. However, Defendant has not produced such documents even though admitting to their existence. Furthermore, Defendant has not objected to Request Nos. 4 and 5. Therefore, MBD requests this Court to compel SYG to produce all documents in its possession.

## III.    SYG failed to file a privilege log for Amended Responses Nos. 7, 9, 10, and 16

On the October 21, 2022 conference call, Plaintiff's Counsel inquired of Defense Counsel regarding the lack of a privilege log. When Defendant filed its Amended Responses Nos. 7, 9, 10, and 16 to Plaintiff's Request for Production, Defendant reaffirmed its objections of attorney-client privilege and/or work product doctrine. Again, it lacked a privilege log even though Local Rule 26.1(e)(2)(C) and Federal Rule of Civil Procedure 26(b) require the preparation of a privilege log. *See* Fed. R. Civ. P. 26(b); S. D. Fla. L.R. Rule 26.1(e)(1)(C). "[G]eneralized objections asserting attorney-client privilege or work product doctrine do not comply with the Local Rules." *Mazpule*, 2021 WL 2515685, at *2. Local Rule 26.1(e)(2)(B) requires that objections based upon privilege identify the specific nature of the privilege being asserted, as well as identify such things as the nature and subject matter of the communication at issue, the sender and receiver of the communication and their relationship to each other, among others. "Defendant[']s failure to timely

provide a privilege log that identifies the requisite information results may result in a waiver of such privilege." *Mazpule*, 2021 WL 2515685, at *2. Defendant's Amended Responses Nos. 7, 9, 10, and 16 are inadequate without a privilege log.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order compelling Defendant to provide better responses to Plaintiff's Request for Production, and to award Plaintiff the reasonable attorney's fees and costs incurred with the filing of this Motion, along with any other relief this Court deems just and proper.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

## LOCAL RULE 7.1(a)(3) CERTIFICATE STATEMENT

The undersigned Counsel for Plaintiff certifies that it conferred with Counsel for Defendant in detail with respect to these issues via email on October 12, 2022. On October 21, 2022, the Counsel for the parties made a good-faith effort to resolve the issues raised in this Motion via conference call. Based upon that call, Plaintiff's counsel understood that Defendant's counsel would seriously consider amending those Responses. Despite these comments, Defendant reiterated some of its objections, thus necessitating the filing of this Motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this ___8th___ day of __November__, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew J. Valcourt, Esq.** mvalcourt@valcourtlaw.com VALCOURT AND ASSOCIATES LLC. 850 N.E. Third Street Suite 208 Dania Florida 33004 and **Jules V. Massee, Esq**. jmassee@hamiltonmillerlaw.com E-Service: JVMserve@hamiltonmillerlaw.com **Brandon Bushway Esq.** bbushway@hamiltonmillerlaw.com HAMILTON MILLER & BIRTHISEL LLP. 100 S. Ashley Drive, Suite 1210 Tampa, Florida 33602, *Counsel for Starboard*, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177

BY: _____

Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorneys for: MY BUDDY DAVIS LLC.

8044/MtnToCompel