**Ex. B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

      Plaintiff,

vs.                               CASE NO.: 0:22-cv-60542-KMM

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

      Defendant.

_____/

### DEFENDANT'S AMENDED RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 1.340, hereby serves its Amended Responses to Plaintiff MY BUDDY DAVIS LLC's ("Plaintiff"), First Request for Production, served on **August 30, 2022**, as follows:

1. A copy of any and all contracts and/or agreements of any kind between SYG and SEAKEEPER INC. in the last 5 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.**

2. A copy of any and all contracts and/or agreements of any kind between SYG and HUMPHREE in the last 5 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.**

3. A copy of any and all contracts and/or agreements of any kind between SYG and OPTIMUS STEERING SYSTEMS in the last 5 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.**

4. A copy of any and all Complaints, disputes, received by SYG regarding installation, repair, and maintenance of SEAKEEPER systems in the last 10 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Other than warranty work/claims and Plaintiff's Complaint, none.**

5. A copy of any and all Complaints disputes, received by SYG regarding installation, repair, and maintenance of HUMPHREE systems in the last 10 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Other than warranty work/claims and Plaintiff's Complaint, none.**

6.      A copy of any and all Complaints disputes, received by SYG regarding installation, repair, and maintenance of OPTIMUS STEERING SYSTEMS in the last 10 years.

**RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: Other than Plaintiff's Complaint, none.**

7.      A copy of any and all plans, designs, installation records, naval architect notes, measurements, and/or writings concerning the work to be performed by SYG with respect to the M/V BUDDY DAVIS.

**RESPONSE: Objection. This Request is vague, overbroad, and may seek information protected by the attorney-client privilege and/or work product doctrine, particularly with respect to "naval architect notes, measurements, and/or writings concerning the work to be performed by SYG with respect to the M/V BUDDY DAVIS." Notwithstanding the foregoing, see previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617.**

**AMENDED RESPONSE: Based on an agreement of counsel reached during an October 21, 2022 telephone conference, this request is to be limited to plans, designs, installation records, naval architect notes, measurements, and/or writings created by SYG or anyone directed by SYG during the time of the Buddy Davis project, excluding any documents protected by the attorney-client privilege and/or work-product doctrine. Based on the foregoing, see previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617, and also Bates Label Nos. 000780-000822.**

8.      A copy of any and all measurements, plans, designs, naval architect notes, initially performed by SYG and/or their representatives confirming that the SEAKEEPER 18 would fit in accordance with manufacturer's specification in the M/V BUDDY DAVIS.

**RESPONSE: See previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617.**

9.      A copy of any and all naval architectural designs, plans, note of any kind regarding the buildout for the SEAKEEPER 18 aboard the M/V BUDDY DAVIS.

**RESPONSE: Objection. This Request is vague, overbroad, and may seek information protected by the attorney-client privilege and/or work product doctrine, particularly with respect to "notes of any kind." Notwithstanding the foregoing, see previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617.**

**AMENDED RESPONSE: Based on an agreement of counsel reached during an October 21, 2022 telephone conference, this request is limited in time to during the time of the Buddy Davis project, excluding any documents protected by the attorney-client privilege and/or work-product doctrine. Based on the foregoing, see previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617, and also Bates Label Nos. 000780-000822.**

10.     A copy of any and all internal SYG documents of any kind, plans, designs, concerning the modification of the stringers aboard the M/V BUDDY DAVIS in connection with the installation of the SEAKEEPER 18.

**RESPONSE:  Objection.  This Request is vague, overbroad, not likely to lead to the discovery of admissible evidence, and may seek documents protected by the work-product doctrine and/or attorney-client privilege.**

**AMENDED RESPONSE: Based on an agreement of counsel reached during an October 21, 2022 telephone conference, this request is limited in time to during the time of the Buddy Davis project, excluding any documents protected by the attorney-client privilege and/or work-product doctrine. Based on the foregoing, see previously produced documents at Bates Label Nos. 000105, 000107-000115, and 000606-000617, and also Bates Label Nos. 000780-000822.**

11.     A copy of any and all plans, designs, naval architectural documents, installation reports regarding the installation of the HUMPHREE stabilizers aboard the M/V BUDDY DAVIS.

**RESPONSE: See previously produced documents at Bates Label Nos. 000286-000287, 000350-000351, and 000360-000361.**

12.     A copy of any and all plans, designs, naval architectural documents, installation reports regarding the installation of the OPTIMUS STEERING SYSTEMS stabilizers aboard the M/V BUDDY DAVIS.

**RESPONSE: See previously produced documents at Bates Label Nos. 000400-000432 and 000779.**

13.     A copy of any and all time reports, records, billings of any kind for service hours billed for work aboard and/or related to the M/V BUDDY DAVIS.

**RESPONSE:  See previously produced documents at Bates Label Nos. 000081-000104, 000116-000118, 000178-000180, 000221-000225, 000230-000234, 000237-000238, 000248-000249, 000260-000262, 000286-000287, 000307-000309, 000350-000351, 000361-000362, 000391-000393, and 000485-000486.**

**AMENDED RESPONSE: See previously produced documents at Bates Label Nos. 000081-000104, 000116-000118, 000178-000180, 000221-000225, 000230-000234, 000237-000238,**

**000248-000249, 000260-000262, 000286-000287, 000307-000309, 000350-000351, 000361-000362, 000391-000393, and 000485-000486, and also Bates Label Nos. 000823-000928.**

14. A copy of any and all emails, and/or text communications of any kind from anyone working with SYG and Rudy Rodrigues and/or Captain Buck Novak or anyone on their behalf regarding the work to be performed aboard the M/V BUDDY DAVIS.

**RESPONSE: See previously produced documents at Bates Label Nos. 000122-000534, and 000618-000778.**

15. A copy of any and all progress reports prepared by and/or on behalf of SYG during any time with respect to the work aboard the M/V BUDDY DAVIS.

**RESPONSE: None.**

16. A copy of any and all internal communications at SYG concerning or having anything whatsoever to do with or reporting on the work aboard the M/V BUDDY DAVIS.

**RESPONSE: Objection. This Request is vague, overbroad, not limited in time, not likely to lead to the discovery of admissible evidence, and may seek documents protected by the work-product doctrine and/or attorney-client privilege.**

**AMENDED RESPONSE: Based on an agreement of counsel reached during an October 21, 2022 telephone conference, this request is to be limited in time to during the time of the Buddy Davis project, excluding any documents protected by the attorney-client privilege and/or work-product doctrine. Based on the foregoing, after a diligent search, SYG has provided all communications.**

17. A copy of any and all invoices for purchase of equipment by SYG in connection with:

    a) SEAKEEPER 18,
    b) HUMPHREE stabilizers,
    c) OPTIMUS STEERING SYSTEMS.

**RESPONSE: Objection. This Request is vague, overbroad, not limited in time or scope, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.**

**AMENDED RESPONSE: During an October 21, 2022 telephone conference, Plaintiff's counsel indicated this request is to be limited to this specific Buddy Davis project. However, SYG maintains its objection. This Request is vague, overbroad, not limited in time or scope, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact**

**SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.**

18.     A copy of any and all documents identifying the different SYG employees who worked aboard the M/V BUDDY DAVIS or who provided off vessel services for SYG in connection with the work to be performed aboard the M/V BUDDY DAVIS.

**RESPONSE: See previously produced documents at Bates Label Nos. 000122-000534, and 000618-000778.**

**AMENDED RESPONSE: See previously produced documents at Bates Label Nos. 000122-000534, and 000618-000778 and Bates Label Nos. 000823-000928.**

Respectfully submitted,

/s/
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**: JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC.*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email:  mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 4, 2022,** the foregoing document is being served

on all counsel of record or *pro se* parties identified on the attached Service List via electronic mail.

/s/
Attorney

## SERVICE LIST
## CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*

**SCOTT D. PONCE**
Florida Bar No. 0169528
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
P: (305) 374-8500 / F: (305) 789-7799
sponce@hklaw.com
*Counsel for Rodolfo Rodriguez-Duret*