UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

**IN ADMIRALTY**

MY BUDDY DAVIS LLC,
A Florida Limited Liability Company,

     Plaintiff,

vs.                                                                          CASE NO.: 0:22-cv-60542-KMM

STARBOARD YACHT GROUP, LLC,
A Florida Limited Liability Company,

     Defendant.

_____

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL BETTER DISCOVERY RESPONSES

Defendant STARBOARD YACHT GROUP, LLC ("SYG"), by and through its undersigned counsel, hereby files its Response in Opposition to Plaintiff MY BUDDY DAVIS LLC's ("Plaintiff") Motion to Compel Better Responses to Discovery Requests by Defendant (the "Motion") and states:

## INTRODUCTION

This action was brought by vessel owner Plaintiff against SYG for breach of maritime contract and violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). *See* Amended Complaint. In support of these claims, Plaintiff alleges that it contracted with SYG to install various systems on board its vessel, a 74' Buddy Davis (the "Vessel"). *See* Amended Complaint at ¶ 2-3. Plaintiff now

1

moves for an Order compelling production of (1) all of SYG's supplier agreements for the last 5 years; (2) SYG's records regarding all complaints or disputes received in the last 10 years regarding the installation, repair, and maintenance of SEAKEEPER systems, HUMPHREE systems, and OPTIMUS steering systems; and (3) copies of all invoices for SYG's purchase of SEAKEEPER 18, HUMPHREE stabilizers, and OPTIMUS steering systems for the Buddy Davis project.

Plaintiff has made no showing that the documents it seeks are relevant or proportional to the needs of this case. Such documents also include private, confidential, and proprietary business dealings and information that are of no concern to Plaintiff's claims against SYG. Plaintiff's requests are beyond the scope of permissible discovery and amount to nothing more than a fishing expedition into SYG's records and business dealings. Plaintiff should not be granted carte blanche access to SYG's records, and Plaintiff's Motion should be denied.

## ARGUMENT

The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts. *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958). Rule 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and *proportional to the*

*needs of the case.*" Fed. R. Civ. P. 26(b)(1) (emphasis added). Thus, while the scope of discovery is broad, the movant still bears the burden of showing "that the requested discovery is relevant and proportional." Fed. R. Civ. P. 26(b)(1).

Despite such liberality, discovery is not to be interpreted so liberally as to enable a party to "roam in the shadow zones of relevancy and to explore matters which do not presently appear germane on the theory that they may conceivably become so." *Henderson v. Holiday CVS*, 269 F.R.D. 682, 687 (S.D. Fla. 2010); *see also Hofer v. Mack Trucks Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (finding that although Plaintiff filed motion to compel discovery of alleged relevant financial records, he failed to provide sufficient details to force production of such documents, despite the case being of a financial nature). Thus, while the scope of discovery is broad, the rules "do not permit the [parties] to go on a fishing expedition." *Herman v. Seaworld Parks & Ent., Inc.*, 8:14-CV-3028- T-35JSS, 2016 WL 3746421 (M.D. Fla. July 13, 2016) (*quoting Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006)). Some gatekeeping, or threshold showing of relevancy must be made to avoid arbitrary discovery that does not bear on the relevant issues. *See Salvato v. Miley*, Case No.: 5:12-cv-635-Oc-10PRL, 2013 WL 2712206 at *2 (M.D. Fla. June 11, 2013). Thus, Rule 26 prohibits discovery of documents when a party has failed to show that the documents are both relevant and proportional to the needs of the case.

3

**I.     Plaintiff has not satisfied its threshold burden of showing that Requests Nos. 1, 2, 3, 4, 5, and 17 are relevant to this litigation or proportional to the needs of this case.**

Plaintiff devotes much of its Motion to arguing that SYG's objections are "improper, meaningless, and without merit." *See* Plaintiff's Motion to Compel § I. Plaintiff further states that SYG's objections are "generalized without any explanation as to what is vague, overbroad, not likely to lead to the discovery of admissible evidence, and outside the scope." Plaintiff's argument completely ignores the threshold burden the Federal Rules of Civil Procedure place on the party requesting discovery. *See* Fed. R. Civ. P. 26(b)(1). Plaintiff has not been its burden, and its Motion should be denied.

**A.     Plaintiff has not shown that the documents sought in Request Nos. 1, 2, 3, and 17 are relevant or proportional to the needs of this case.**

Despite the instant action being between SYG and Plaintiff, Plaintiff argues it is entitled to all of SYG's agreements, contracts, and receipts with its equipment suppliers. Plaintiff's Complaint does not set forth or state a claim against any of SYG's equipment suppliers, nor are any of the agreements, contracts, or receipts between SYG and its equipment suppliers at issue.

The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. *Bright v. Frix*, No. 8:12-cv-1163-T-35MAP, 2016 WL 1011441, 1 (M.D. Fla. Jan. 22, 2016) (citing *Moore v. Lender*

*Processing Servs. Inc.,* No. 3:12–CV–205–J, 2013 WL 2447948, 2 (M.D. Fla. June 5, 2013)). Plaintiff has not met its burden of showing that SYG's contracts, agreements, and receipts with suppliers who are not parties to this lawsuit are in any way relevant or proportional to Plaintiff's breach of contract and FDUTPA claims against SYG.

Plaintiff argues it is entitled to the requested documents because this case involves installing equipment on a vessel and the documents are "related to the installation of the Equipment on the Vessel." This barebones assertion does not pass muster. SYG's receipts, contracts, and agreements to which Plaintiff is not a party or beneficiary and which contain information about SYG's dealer obligations, business strategies, and other proprietary information, have no place in the instant action. It is well-established that fishing expeditions are not permissible under the discovery rules. *Herman v. Seaworld Parks & Ent., Inc.*, 8:14-CV-3028- T-35JSS, 2016 WL 3746421, *3 (M.D. Fla. July 13, 2016) (finding that an attempt to discover contracts not  in dispute and involving entirely different terms, parties, and circumstances, was a  fishing expedition not permitted by the discovery rules); *Williams v. Fire Sprinkler Associates Inc.*, CV153147ADSAKT, 2017 WL 1155771, 2 (E.D.N.Y. Mar. 27, 2017) (holding that the party seeking discovery must make a *prima facie* showing that the discovery sought is more than merely a fishing expedition). Accordingly, Plaintiff's request to discover receipts, contracts,

and agreements not in dispute and not shown to have any relevance to the instant action is nothing more than a fishing action, and thus its Motion should be denied.

>B.     **Plaintiff has not met the burden of showing that the information contained in Request Nos. 1, 2, 3, or 17 are relevant or necessary, which is required for the discovery of confidential information and trade secrets.**

Plaintiff has failed to show that the requested documents in Request Nos. 1, 2, 3, and 17 are relevant and necessary to this action, as required for the disclosure of trade secrets and confidential information. "A party seeking to shield its trade secrets or other commercial information must first establish that the information to be protected is indeed confidential and then demonstrate that its disclosure might be harmful." *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D. Fla. 1985). The party seeking disclosure must establish that discovery of the confidential information is relevant and necessary to the action. *Id.* The court must then balance the need for protection of the trade secrets or confidential information against the claim of injury resulting from disclosure. *Id.; see also Shire Dev. LLC v. Mylan Pharmaceuticals Inc.*, No. 8:12-cv-1190-T-30AEP, 2013 U.S. Dist. LEXIS 181134, 2013 WL 6858319, at *4 (M.D. Fla. Dec. 30, 2013).

SYG's supplier contracts, agreements, and receipts should not be compelled because they contain proprietary confidential business information and trade secrets. Specifically, the agreements and contracts contain confidential business dealings and proprietary provisions, including discussions of trademarks and tradenames, the

6

parties' obligations, termination provisions, indemnity provisions, negotiated price lists and schemes, marketing distribution plans and activities, and other personal data of SYG's suppliers. SYG has objected to production on these grounds. These contracts, agreements, and receipts also contain confidential financial and pricing information between SYG and its suppliers who are not parties to this action. "Courts have found that a company's interest in the privacy of its financial records and the terms of confidential agreements, however, often outweigh the public right of access." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co.*, No. 3:10-cv-891-J-JBT, 2010 U.S. Dist. LEXIS 143284, at *4 (M.D. Fla. Oct. 27, 2010). Additionally, disclosure of these agreements could require SYG to violate the confidentiality provisions it is bound by according to at least two of these agreements. Accordingly, the contracts, agreements, and receipts sought under Request Nos. 1, 2, 3, and 17 are should not be produced in this action.

Disclosing supplier agreements and receipts would also harm SYG, providing that such disclosure could give the public and SYG's competitors unfair access to SYG's confidential business practices, proprietary information, trade secrets, and negotiated pricing schemes, resulting in a competitive disadvantage in a highly competitive market of marine electronics and components. For example, if SYG's competitors or clients were privy to what rates SYG's suppliers were charging it, then they could have a distinct advantage over SYG and could undercut SYG's

strategies and business plans. Disclosure would also be of great value to SYG's competitors and could impair SYG's ability to negotiate competitive agreements in the future. "The discovery rules are not intended to forfeit a party's ability to compete effectively in the market by opening up [commercially sensitive or proprietary information] to competitors." *Duracell, Inc. v. SW Consultants*, 126 F.R.D. 576, 578 (N.D. Ga. 1989). Disclosure could also require SYG to breach the confidentiality provisions contained in at least two of its supplier agreements, resulting in a disruption of SYG's reputation and goodwill with its suppliers. SYG's relationship with its suppliers is paramount to the operation of SYG as a company and thus would be extremely harmful to SYG.

Plaintiff must show that SYG's supplier contracts, agreements, and receipts are relevant and necessary. *Empire of Carolina, Inc.*, 108 F.R.D. 323 at 326. The proprietary and confidential business dealings, schemes, and financial information contained in SYG's Supplier agreements and receipts have no impact, relation, or bearing on the project Plaintiff contracted with SYG for. As such, Plaintiff's attempt to discover the proprietary and confidential business information contained in these documents can be interpreted as nothing more than an attempt to disrupt SYG's relationships with its dealers and put SYG at a competitive disadvantage. Accordingly, SYG must not be compelled to respond to Request Nos. 1, 2, 3, and 17, as Plaintiff has now shown why its interest in obtaining these documents

8

outweighs SYG's interest in maintaining the confidentiality of its proprietary business information.

**C.      Plaintiff is not entitled to any further response to Request Nos. 4 and 5 because SYG has no records pertaining to these requests.**

Plaintiff's Request for Production Nos. 4 and 5 seek records regarding "complaints" or "disputes" received by SYG regarding the installation of SEAKEEPER and HUMPHREE systems in the last 10 years. SYG initially objected to this request because it was vague and overbroad; however, in an attempt to provide a response, SYG qualified its response to state that other than warranty or work claims, and Plaintiff's claim, SYG had none. Plaintiff never requested SYG's records regarding warranty or work claims with regard to this equipment; however, Plaintiff now argues in its Motion it is entitled to these records because SYG's amended answer does not object to these requests. SYG did not object to these requests because it has no records regarding complaints or disputes. However, even ignoring this fact, Plaintiff's request to discover records of warranty and work claims not in dispute or shown to have any relevance to the instant action is nothing more than a fishing expedition. Thus, Plaintiff's Motion should be denied.

**II.      Plaintiff has not waived any right to privilege.**

Plaintiff argues SYG's Amended Response Nos. 7, 9, 10, and 16 are inadequate without a privilege log and that SYG's failure to provide a privilege log

9

may waive any such privilege. Plaintiff has failed to mention that counsel for both parties agreed during an October 21, 2022 discovery conference call that none of these requests seek documents protected by the attorney-client privilege or work-product doctrine. In its Amended Responses to Request Nos. 7, 9, 10, and 16, SYG memorialized this agreement by stating it would provide all responsive documents that were not excluded by the attorney-client privilege or work-product doctrine, thus obviating the need for a privilege log. Accordingly, SYG's response was adequate and has not waived any privilege.

Notwithstanding the foregoing, the vague and overbroad nature of the requests would render providing a privilege log impossible as SYG was unable to determine what documents Plaintiff was requesting. *See Starr Indem. & Liab. Co. v. CSX Transp., Inc.*, No. 3:14-cv-1455-J-39JBT, 2015 U.S. Dist. Lexis 187704, at \*4 (M.D. Fla. June 1, 2015) (denying motion to compel and finding that because the request was vague, providing a privilege log was not required). SYG would not have been able to provide a privilege log until such time as the Court ruled on the other objections or until Plaintiff provided more specific requests. Therefore, SYG has not waived any privilege.

## CONCLUSION

WHEREFORE, Defendant STARBOARD YACHT GROUP, LLC, respectfully requests the Court enter an Order denying Plaintiff MY BUDDY

DAVIS LLC's Motion to Compel Better Responses to Discovery Requests by Defendant, and any other relief deemed just and proper. Notwithstanding the foregoing arguments, if the Court were to Order production of the requested documents, SYG respectfully requests an in-camera review and for Plaintiff to execute a confidentiality agreement as to any documents determined subject to disclosure, as the documents contain sensitive, proprietary, and confidential information.

Respectfully submitted,

/s/ *Brandon Bushway*
**JULES V. MASSEE**
Florida Bar Number: 41554
jmassee@hamiltonmillerlaw.com
**BRANDON BUSHWAY**
Florida Bar Number: 1015247
bbushway@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
**E-SERVICE**:
JVMserve@hamiltonmillerlaw.com
P: 813-223-1900 / F: 813-223-1933
*Counsel for Defendant Starboard Yacht Group, LLC.*

**MATTHEW J. VALCOURT**
Florida Bar Number: 0088791
Email: mvalcourt@valcourtlaw.com
VALCOURT AND ASSOCIATES LLC
Telephone: (305) 763-2891
Facsimile: (305) 470-7484
*Counsel for Defendant Starboard Yacht Group, LLC*

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **November 17, 2022,** the foregoing document is being filed with this Court and served on all counsel of record or *pro se* parties identified on the attached Service List, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Brandon Bushway*
Attorney

## SERVICE LIST
## CASE NO.: 0:22-cv-60542-KMM

**ROBERT W. BLANCK**
Florida Bar No.: 311367
**WILLIAM B. BLANCK**
Florida Bar No.: 101388
BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite 700
Miami, Florida 33143
P: (305) 663-0177
rblanck@shiplawusa.com
wblanck@shiplawusa.com
*Counsel for Plaintiff My Buddy Davis LLC*

**SCOTT D. PONCE**
Florida Bar No. 0169528
HOLLAND & KNIGHT LLP
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
P: (305) 374-8500 / F: (305) 789-7799
sponce@hklaw.com
*Counsel for Rodolfo Rodriguez-Duret*

12