UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 2022-cv-60542-KMM/LFL

MY BUDDY DAVIS LLC.,

     Plaintiff,

vs.

STARBOARD YACHT GROUP LLC.

     Defendant.

_____

**REPLY IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL BETTER RESPONSES TO DISCOVERY REQUESTS BY DEFENDANT**

COMES NOW, Plaintiff MY BUDDY DAVIS LLC. ("MBD"), files this Reply in Support of its Motion to Compel Better Responses:

**INTRODUCTION**

Plaintiff alleges that these claims arise from Defendant's actions before and during the installation of the Seakeeper, Humphree, and Optimus (collectively referred herein as "Equipment") aboard the My Buddy Davis (the "Vessel"). Plaintiff MBD submits this Reply in Support to its Motion To Compel [ECF 47] and STARBOARD YACHT GROUP LLC.'s ("SYG") Response in Opposition to Plaintiff's Motion To Compel [ECF 52].

In short, Defendant's Opposition: (1) mischaracterizes the parties' meet and confer discussion; (2) fails to rebut the mandatory authority rendering its boilerplate objections facially defective; (3) proffers a narrow interpretation of Plaintiff's relevancy arguments; (4) fails to meet the burden for trade secret privilege and move for a protective order; and (5) fails to file a privilege log. Such arguments fail to rebut Plaintiff's citations to mandatory authority and the plainly relevant, proper scope of Plaintiff's discovery request, which warrant granting Plaintiff's Motion.

1

**ARGUMENT**

"Courts must consequently employ a liberal and broad scope of discovery in keeping with the spirit and purpose of these rules." *Center for Individual Rights v. Chevaldina*, 2018 WL 2432109, at *2 (S.D. Fla., May 30, 2018, No. 16-20905-CIV) (citing *Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F. Supp. 2d 1304, 1306 (S.D. Fla. 2010). As such, "[t]he Federal Rules of Civil Procedure strongly favor full discovery whenever possible."*Companhia Energetica Potiguar v. Caterpillar Inc.*, 307 F.R.D. 620, 627 (S.D. Fla. 2015)(citing *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir.1985)).

"Relevance in the context of discovery 'been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Moreover, "discovery is not limited to issues raised by the pleadings," for discovery itself is designed to help define and clarify the issues. *Oppenheimer Fund, Inc.*, 437 U.S. at 351. "In short, information can be relevant and therefore discoverable, even if not admissible at trial, so long as the information is reasonably calculated to lead to the discovery of admissible evidence." *Companhia Energetica Potiguar*, F.R.D. at 627.

This Court has stated in its Discovery Practices and Procedures that "[a]n objection that a discovery request is not relevant must include a specific explanation describing why the request lacks relevance and/or why the requested discovery is disproportionate in light of the factors enumerated in Federal Rule of Civil Procedure 26(b)(1)." "The respondent bears the burden of establishing a lack of relevancy or some other basis for resisting production." *Cardenas v. Toyota Motor Corp.*, 18-CV-22798, 2020 WL 5291936, at *1 (S.D. Fla. Sept. 3, 2020). Defendant's

Response to the Motion to Compel is replete with statements that Plaintiff's Requests are not relevant. However, what is missing are specific explanations as to why.

### I.        Plaintiff's Requests Nos. 1, 2, 3, 4, 5, and 17 are relevant to this litigation

"Information is relevant if it is 'germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (citing *Parsons v. General Motors Corp.*, 85 F.R.D. 724 (N.D.Ga.1980)). "The Courts have long held that relevance for discovery purposes is much broader than relevance for trial purposes…." *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688 (S.D. Fla. 2011) (citing *Dunkin' Donuts, Inc. v., Mary's Donuts, Inc.*, No. 01–0392, 2001 WL 34079319, *2 (S.D. Fla. Nov. 1, 2001). As articulated in *Adelman*, relevance for discovery purposes is broad and should be allowed "unless it is clear that the information sought has no possible bearing on the subject matter of the action." *Id.*

### A.  Plaintiff's Requests Nos. 1, 2, 3, and 17 are relevant to the FDUPTA Claim

Plaintiff's Count II is for Defendant's deceptive and unfair trade practices under Florida Deceptive and Unfair Trade Practices Act and, as a result, proffered discovery requests relating to that claim. "To establish a claim under the FDUTPA, [Plaintiff] must show (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages." *State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Florida, Inc.*, 103 F. Supp. 3d 1343, 1354 (S.D. Fla. 2015). "A deceptive act or practice is 'one that is likely to mislead consumers and an unfair practice is one that offends established public policy and one that is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.* (citing *Washington v. LaSalle Bank Nat'l Ass'n*, 817 F.Supp.2d 1345, 1350 (S.D.Fla.2011)). Defendant's reasoning as to why Request Nos. 1, 2, 3, and 17 are not relevant is because "Plaintiff's Complaint does not set forth or state a claim against any

of SYG's equipment suppliers, nor are any of the agreements, contracts, or receipts between SYG and its equipment suppliers at issue." *See* [ECF 52] at p. 4. However, the case law states otherwise. "Discovery is not limited to the issues raised by the pleadings because 'discovery itself is designed to help define and clarify the issues.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) (*Oppenheimer Fund, Inc.*, 437 U.S. at 352). Furthermore, as expounded in greater detail below, Defendant's contracts with SEAKEEPER INC., HUMPHREE, and OPTIMUS STEERING SYSTEMS do relate to Plaintiff's claim for FDUPTA.

As required by Local Rule 26.1 26.1(g)(2), Plaintiff sets forth the following:

Request No. 1. A copy of any and all contracts and/or agreements of any kind between SYG and SEAKEEPER INC. in the last 5 years.

RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.

AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.

Reason to Compel RFP No. 1: First, the boilerplate objections to this request should be overruled based on the case law. *See Mazpule v. Xenios Corp.*, 2021 WL 2515685, at *1 (S.D. Fla. June 19, 2021) ("[B]oilerplate and generalized objections are improper, meaningless, and without merit."). Furthermore, this request is relevant as it seeks the contracts and/or agreements between SYG and SEAKEEPER INC., which might tend to support SYG's incentives to sell a Seakeeper to Plaintiff. Even though the Seakeeper Plaintiff was induced into entering an agreement for was incompatible for installation without making significant modifications to the Vessel. Additionally, the relevancy is supported by documents Defendant has produced in its initial disclosures that tend to support SYG's incentive to sell Seakeepers to their customers instead of similar equipment from Seakeeper Inc.'s other competitors. *See* Defendant's Initial Disclosures Bate Nos. 163-170 attached hereto as Exhibit 1. It is not a "fishing expedition" to seek documents on how "Seakeeper & Humphree 'Dealer of the Year'"[1] sold Plaintiff a Seakeeper that would not fit in the Vessel without significant modifications.

---

[1] *See* Yacht Management and Maintenance Services - ft Lauderdale, FL: Starboard yacht, Starboard Yacht Group (2022), https://starboardyacht.com/ (last visited Nov 19, 2022).

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

2. A copy of any and all contracts and/or agreements of any kind between SYG and HUMPHREE in the last 5 years.

RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.

AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.

Reason to Compel RFP No. 2: For the same reasons as stated for RFP No. 1 in regard to the Humphree as well as the Seakeeper not fitting.

3. A copy of any and all contracts and/or agreements of any kind between SYG and OPTIMUS STEERING SYSTEMS in the last 5 years.

RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.

AMENDED RESPONSE: Objection. This Request is vague, overbroad, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.

Reason to Compel RFP No. 3: For the same reasons as stated for RFP No. 1.

17. A copy of any and all invoices for purchase of equipment by SYG in connection with:
a) SEAKEEPER 18,
b) HUMPHREE stabilizers,
c) OPTIMUS STEERING SYSTEMS.

RESPONSE: Objection. This Request is vague, overbroad, not limited in time or scope, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

AMENDED RESPONSE: During an October 21, 2022 telephone conference, Plaintiff's counsel indicated this request is to be limited to this specific Buddy Davis project. However, SYG maintains its objection. This Request is vague, overbroad, not limited in time or scope, and not likely to lead to the discovery of admissible evidence. Plaintiff's request is tantamount to an unwarranted "fishing expedition" into matters that are outside the scope of permissible discovery. This Request seeks trade secret proprietary, confidential, financial or commercially sensitive information, the disclosure of which could negatively impact SYG's competitive or business position, result in a breach by SYG of an obligation to a third-party to maintain such information confidential, or place SYG at a competitive disadvantage in the marketplace.

Reason to Compel RFP No. 17: First, the boilerplate objections to this request should be overruled based on the case law. *See Mazpule*, 2021 WL 2515685, at *1 ("[B]oilerplate and generalized objections are improper, meaningless, and without merit."). This request is highly relevant because in order for Defendant to start performing work on the Vessel, Plaintiff had to send Defendant payment for the Equipment and 50% of the labor in advance. Plaintiff is seeking information relevant as to whether the Equipment it paid for to be installed was ever actually purchased. Plaintiff entered into agreements with Defendant for the installation of a Seakeeper 18, Humphree stabilizer, and Optimus steering system. However, after almost a year of work, none of this Equipment has been installed on the Vessel nor has been even seen by Plaintiff. The existence or lack of the receipts is relevant to show Defendant's deceptive trade practices.

## B. Plaintiff's Requests Nos. 4 and 5 are relevant to ascertain similar deceptive practices regarding workmanship issues

Defendant states that it doesn't have records pertaining to these requests. However, Defendant's Amended Responses to Requests Nos. 4 and 5 on its face says otherwise. *See* [ECF 47-2] at pp. 2-3. "The Eleventh Circuit has held that discovery about other similar incidents is usually permissible." *Companhia Energetica Potiguar*, F.R.D. at p. 628. Here, evidence about complaints and/or disputes regarding installation, repair, and maintenance of a Seakeeper and Humphree is relevant to whether Defendant has a track record for faulty installation.

## II.      Defendant refuses to file a privilege log to Requests Nos. 7, 9, 10, and 16

This Court's paperless Order from November 15, 2022, states, "Defendant should also state in its Response whether it is in fact withholding any documents from production on the basis of privilege…." [ECF 51]. Defendant's Response lacks any indication of whether it is withholding documents. Without a Privilege log or the Court ordered explanation, Plaintiff is continued to be

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

left in the dark as to whether these alleged privileged documents actually exist. Defendant mischaracterizes the agreement between the parties. It is correct that Plaintiff's counsel sought the production of documents not subject to privilege as in all discovery requests. However, that does not alleviate the party answering the discovery request requirement to file a privilege log. Defendant makes general privilege objections to impersonate the existence of actual privileged documents to stall discovery, which is contrary to the case law and the local rules. *See Mazpule*, 2021 WL 2515685, at *2; Local Rule 26.1(e)(2)(B).

Furthermore, Defendant alleges that "the vague and overbroad nature of the requests would render providing a privilege log impossible as SYG was unable to determine what documents Plaintiff was requesting." *See* [ECF 52] at p. 10. This is a bold statement as Defendant's Initial Responses cites bate numbers and its Amended Responses admits there has been a clarification between the parties and cites additional bate numbers in answering the requests. *See* [ECF 47-2] at pp. 3-5.

### III. Defendant failed to meet its burden of proving all the contracts, agreements, and receipts are trade secrets

"A party seeking to shield its trade secrets or other commercial information must establish that the information to be protected is a trade secret, that it is confidential, and that its disclosure might be harmful." *Estridge v. Target Corp.*, 2012 WL 527051, at *7 (S.D. Fla. Feb. 16, 2012). Irrespective of the mere persuasive authority Defendant cites in support of its argument for protection of its alleged trade secrets. However, there exists "no absolute privilege for trade secrets and similar confidential material." *Estridge*, 2012 WL 527051, at *6. Plaintiff notes that "the means by which protection from discovery of trade secrets is to be obtained is by motion under Federal Rule of Civil Procedure 26(c)(1)(G)." *Id.* (citation omitted). Said Rule "[a]uthorizes upon a showing of good cause a protective order "requiring that a trade secret or other confidential

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

research, development, or commercial information not be revealed or be revealed only in a specified way." *Id.* (citing Fed. R. Civ. P. 26(c)(1)(G)). Here, Defendant did not seek a protective order by this Court, but instead chose to withhold the relevant discovery by improperly claiming the trade secret privilege, which brings to question the legitimacy of the asserted privilege.

Defendant has not shown good cause for invoking the privilege. Defendant alleges that the disclosure "**could** require SYG to violate the confidentiality provisions of at least **two** of these agreements." *See* [ECF 52] at p. 7. Based on this admission, there is one agreement that will not violate a confidentiality agreement if produced. Even for argument's sake, assuming Defendant has reached its burden. "The burden then shifts to the party seeking disclosure to establish that the trade secret or confidential information sought is relevant and necessary to the action." *Estridge*, 2012 WL 527051, at *7. The contracts, agreements, and receipts are relevant to Plaintiff's prosecution of its FDUPTA claim, as discussed in detail in above Section I(A).

WHEREFORE, Plaintiff respectfully requests this Court enter an Order granting its Motion compelling Defendant to provide better responses to Plaintiff's Request for Production and to award Plaintiff the reasonable attorney's fees and costs incurred with the filing of the Motion, along with any other relief this Court deems just and proper.

### <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this ___21st___day of __November__, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to the following: **Matthew J. Valcourt, Esq.** mvalcourt@valcourtlaw.com VALCOURT AND ASSOCIATES LLC. 850 N.E. Third Street Suite 208 Dania Florida 33004 and **Jules V. Massee, Esq**. jmassee@hamiltonmillerlaw.com E-Service: JVMserve@hamiltonmillerlaw.com **Brandon Bushway Esq.** bbushway@hamiltonmillerlaw.com HAMILTON MILLER & BIRTHISEL LLP. 100 S. Ashley Drive, Suite 1210 Tampa, Florida 33602, *Counsel for Starboard*, in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

Blanck & Cooper, P.A., 5730 SW 74 St., Suite 700, Miami, Florida 33143 – (305) 663-0177

BLANCK & COOPER, P.A.
5730 S.W. 74th Street, Suite #700
Miami, Florida 33143
Phone: (305) 663-0177

BY: _____

Robert W. Blanck, Esquire
Florida Bar Number: 311367
Email: rblanck@shiplawusa.com
William B. Blanck, Esq.
Florida Bar Number: 1013889
Email: wblanck@shiplawusa.com
Attorneys for: MY BUDDY DAVIS LLC.

8044/ReplyInSuppMtnToCompel