**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 00:22-cv-60542-KMM

MY BUDDY DAVIS, LLC.,

    Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

    Defendant.

_____/

## ORDER ON DISCOVERY HEARING

**THIS MATTER** is before the Court following a discovery hearing on Plaintiff My Buddy Davis LLC's ("MBD") Motion to Compel Better Responses to Discovery Requests by Defendant (ECF No. 47). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, to take all necessary and proper action as required by law with respect to any and all pretrial discovery matters (ECF No. 6). A hearing was conducted on the noticed disputes on December 2, 2022. This Order memorializes but does not alter the rulings made in open court.

Plaintiff's Motion was **GRANTED** in full, and Defendant was compelled to provide amended responses to the discovery requests as follows:

1. Defendant's objections to Request for Production Nos. 4 and 5 are overruled. Defendant shall undertake a search for responsive documents, and by December 16, 2022, Defendants shall produce documents responsive to Request for Production Nos. 4 and 5.

2. Defendant's objections to Request for Production Nos. 7, 9, 10, and 16, on the basis of attorney-client and work product privilege, are overruled. As stated in open court,

1

Defendant's amended responses shall omit mention of the waived privileges, which have not been substantiated.

3. Defendant's objections to Request for Production Nos. 1, 2, 3, and 17 are overruled. As the party challenging the confidential designation of seven documents in the provided privilege log (ECF No. 58-1), Defendant bears the burden of justifying the designation by showing good cause. *Alarm Grid, Inc. v. Alarm Club.com, Inc.*, No. 17-80305-CV, 2018 WL 1175254, at *5 (S.D. Fla. Mar. 5, 2018). In order to show good cause under Rule 26(c)(1)(G), the party seeking protection must show that: (1) the information sought is a trade secret or other confidential information; and (2) the harm caused by its disclosure outweighs the need of the party seeking disclosure. *Id*. At the hearing, Defendant failed to meaningfully substantiate its claim that the documents contained trade secrets. Defendant's claim of privilege by way of the documents containing trade secrets is therefore overruled. Defendant was accordingly ordered to produce documents responsive to Request for Production Nos. 1, 2, 3, and 17 on the date of the hearing.

4. Production of documents previously withheld on the basis of confidentiality, as well as any additional document produced by Defendant pursuant to this Order, shall be governed by the following restrictions to their use and disclosure:

   a. Documents may be designated as either "Confidential" or "Highly Confidential/Attorney's Eyes Only." Documents 4–7 on the Defendant's privilege log shall be designated as "Confidential." Documents 1–3 on the Defendant's privilege log shall be designated as "Attorneys' Eyes Only."

   b. Documents marked as "Confidential" documents shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or

other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth below, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.

c. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

    i. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

    ii. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement;

    iii. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

    iv. The Court and court personnel;

    v. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

    vi. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

vii.   The parties.  In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

d.   Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

e.   The documents marked as "Attorneys' Eyes Only" may be disclosed only to outside counsel for the receiving party and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

f.   No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

g.   This Order restricting the dissemination of Confidential documents shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

h.   Upon conclusion of this litigation, each party subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of the seven documents containing Confidential material and to destroy, should such source so request, all copies of the Confidential material.

Where a motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the response, or objection was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Here, Defendant's objections were not substantially justified. Moreover, it was apparent that several disputes could have–and would have–been resolved through meaningful conferral, which did not occur before the Motion was filed or before the hearing. Thus, such an award would not, I find, be unjust. The Parties may agree to the amount reasonably incurred and due to be shifted, in which case, the Court need enter no further order on the matter. If, however, a dispute over Plaintiff's entitlement to an award remains on or by December 26, 2022, Plaintiff may file a memorandum in support of its demand, attaching time records as needed to substantiate the demand. Defendant may respond within 7 days, specifying its objections consistent with S.D. Fla. 7.3.

**DONE AND ORDERED** in open court in Miami, Florida, on the 2nd day of December, 2022.

_____
HON. LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE