**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 0:22-cv-60542-KMM

MY BUDDY DAVIS, LLC,

      Plaintiff,

v.

STARBOARD YACHT GROUP, LLC,

      Defendant.

                                       /

## ORDER

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Affirmative Defenses and Non-Contract Based Allegations of Counterclaim and Dismiss All Tort Based Claims ("Motion" or "Mot.") (ECF No. 40). Defendant filed a timely Response (ECF No. 45) ("Resp."), and Plaintiff filed a Reply (ECF No. 44). For the reasons discussed herein, the Court GRANTS IN PART Plaintiff's Motion and STRIKES Defendant's Affirmative Defenses as described below.

### I.      FACTUAL BACKGROUND

This action arises from a dispute regarding Defendant's obligations under a maritime contract. *See generally* (ECF No. 27) ("Compl."). Plaintiff filed its Amended Complaint on June 22, 2022, seeking damages for breach of that contract, *see id.* at ¶¶ 19–24, and for Defendant's purported violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201, *et seq.*, *id.* at ¶¶ 25–32. On July 6, 2022, Defendant filed its Answer and Affirmative Defenses, asserting twelve affirmative defenses to Plaintiff's claims. *See generally* (ECF No. 29) ("Ans.").

Now, Plaintiff moves to strike several of Defendant's defenses. *See generally* Mot.

## II.    LEGAL STANDARD

A district court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Although a court has broad discretion when considering a motion to strike, striking a defense from a pleading is a drastic remedy generally disfavored by courts." *Tsavaris v. Pfizer, Inc.*, 310 F.R.D. 678, 680 (S.D. Fla. 2015) (internal citation and quotations omitted). "For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure."[1]  *Id.*   Therefore, affirmative defenses will survive a motion to strike unless "they fail to give the plaintiff fair notice of the nature of the defense or where they are clearly insufficient as a matter of law." *Dluca*, 2018 WL 4794518, at *1 (citations omitted).

## III.    DISCUSSION

In its Motion, Plaintiff originally sought to strike all but two of Defendant's affirmative defenses, including: (1) lack of subject matter jurisdiction, *see* Ans. at 4; (2) failure to state a claim, *id.* at 4–5; (3) estoppel / unclean hands, *id.* at 5; (4) bad faith, *id.*; (6) acts of third parties, or superseding causes, *id.*; (8) offset by collateral sources, *id.* at 6; (9) contributory or comparative

---

[1]  There is disagreement within the Southern District of Florida as to whether affirmative defenses must comply with the heightened pleading standard of Rule 8(a) set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Tsavaris*, 310 F.R.D. at 680. Although the Eleventh Circuit has not resolved this issue, this Court has held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g.*, *Batchelor v. Wright Nat'l Flood Ins. Co.*, No. 4:19-CV-10079-KMM, 2019 WL 8060182, at *1 (S.D. Fla. Nov. 26, 2019); *Filho v. First Am. Title Ins. Co.*, No. 1:19-CV-21506-KMM, 2019 WL 13147403, at *1 (S.D. Fla. Sept. 13, 2019); *FTC v. Dluca*, No. 0:18-CV-60379-KMM, 2018 WL 4794518, at *1 (S.D. Fla. Sept. 5, 2018); *Tsavaris*, 310 F.R.D. at 680–82.

negligence, *id.*; (10) offset by settlement, *id.*; (11) release of liability, *id.*; and (12) "any and all available defenses under the Uniform Commercial Code," *id.*[2]

In its Response, Defendant "agree[d] to withdraw its first, sixth, eighth, ninth, tenth, and eleventh affirmative defenses." Resp. at 4. Thus, the only affirmative defenses remaining for this Court to assess are (2) failure to state a claim, (3) estoppel / unclean hands, (4) bad faith, and (12) "any and all available defenses under the Uniform Commercial Code."

i.      *Failure to State a Claim*

Defendant's second affirmative defense is subject to strike. "Failure to state a claim is not an affirmative defense." *Havana Docks Corp. v. Carnival Corp.*, 592 F. Supp. 3d 1088, 1194 (S.D. Fla. 2022); *see also Falzarano v. Retail Brand All., Inc.*, 07-81069, 2008 WL 899257, at *2 (S.D. Fla. Mar. 31, 2008). Given that Defendant filed its Answer in a timely fashion—and had previously filed a Motion to Dismiss Plaintiff's original Complaint—Defendant was clearly aware of its ability to file a Rule 12(b)(6) motion against Plaintiff's claims. *See* (ECF Nos. 11, 29). Yet Defendant chose not to do so with respect to Plaintiff's Amended Complaint. The Court will not now permit Defendant to indefinitely preserve its 12(b)(6) arguments through the nomenclature of an "affirmative defense" when the filing of a Rule 12(b)(6) motion was due before Defendant's Answer itself. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Because this affirmative defense is "clearly insufficient as a matter of law," it is subject to strike without leave to amend. *See Dluca*, 2018 WL 4794518, at *1.

---

[2] Plaintiff does not contest Defendant's fifth or seventh affirmative defenses (offset for Plaintiff's own breaches of contract and failure to mitigate damages, respectively). *See id.* at 5.

3

*ii.*      *Estoppel / Unclean Hands and Bad Faith*

Defendant's third affirmative defense is also subject to strike.[3]  To establish an unclean hands defense, "the defendant must demonstrate that the plaintiff's wrongdoing is directly related to the claim against which it is asserted." *Edge Sys. LLC v. Aguila*, 14-cv-24517-KMM, 2015 WL 6447502, at *7 (S.D. Fla. Oct. 26, 2015) (citation omitted), *aff'd in part*, 708 F. App'x 998 (Fed. Cir. 2017).  Yet here, Defendant provides *no* factual allegations which pertain to the breach of contract or FDUTPA claims against it, and instead uses the "defense" as an opportunity to state several wrongs for which it seeks recompense.  *See* Ans. at 5.  While such arguments may constitute the basis for an unclean hands defense elsewhere, they are insufficient here where entirely disconnected from Plaintiff's claims.  Thus, this defense is stricken as it stands, but the Court will permit Defendant an opportunity to connect those dots through leave to amend.

In a similar vein, the Court strikes Defendant's "bad faith" defense.  First, from a legal perspective, the Court finds no distinction between the concepts of "unclean hands" and "bad faith" in Eleventh Circuit jurisprudence; indeed, the Supreme Court has even described the former explicitly in terms of the latter.  *See Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945) (describing the affirmative defense of unclean hands as "clos[ing] the doors of a court of equity to one tainted with inequitableness or *bad faith* relative to the matter in which he seeks relief") (emphasis added).  Even if this were not the case, Defendant's "bad faith" defense would still fail for its irrelevance to the claims alleged in Plaintiff's Amended Complaint, as the defense only complains of Plaintiff's conduct *after* the initiation of this lawsuit.  *See* Ans. at 5.

---

[3]  This defense reads, in its entirety: "Plaintiff is estopped from seeking equitable relief because it is guilty of unclean hands including bad faith actions, alleged extortion, slander and libel, and tortious interference with business relations, publishing falsehoods about the defendant, intimidating defendant and defendant's staff, and other acts."  *See* Ans. at 5.

This affirmative defense is therefore stricken, but Defendant may replead any relevant factual arguments within the context of its amended unclean hands defense.

    *iii.*      *"All of the UCC"*

This defense is subject to strike as legally insufficient.  "Where the affirmative defenses are no more than 'bare bones conclusory allegations, [they] must be stricken.'"  *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citing *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 684 (M.D.Fla.2002)).  The Court agrees that Defendant's reservation of "any and all available defenses under the Uniform Commercial Code" is no different than alleging "all of 'Federal law' as a defense."  *See* Ans. at 6; Mot. at 7.  Neither defense is permissible because neither "give[s] the plaintiff fair notice of the nature of the defense."  *Dluca*, 2018 WL 4794518, at *1.  Accordingly, this defense is stricken without leave to amend.

## IV.    CONCLUSION

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion (ECF No. 40) is GRANTED IN PART AND DENIED IN PART.  Defendant's second, third, fourth and twelfth affirmative defenses are STRICKEN.  Defendant may amend its unclean hands defense in conformity with this Order.  As Defendant has withdrawn its first, sixth, eighth, ninth, tenth and eleventh affirmative defenses, Plaintiff's request that the Court strike those defenses is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of December, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record